## STATE ex WESTLEY v INDUSTRIAL COMMISSION

Ohio Appeals, 2nd Dist, Franklin Co

No 2882. Decided Sept 20, 1938

R. N. Larrimer, Columbus, and Joseph E. Bowman, Columbus, for relator. ·

Herbert S. Duffy, Attorney General, Columbus, and Eugene Carlin, Assistant Attorney General, Columbus, for respondent.

## OPINION

By GEIGER, J.

This is an original action in this court wherein the plaintiff prays that a writ of mandamus may issue to command the respondent to fix the extent of the relator's disability, and to award to the relator compensation commensurate with such disability.

The essential allegations of the petition are that the relator was on the 9th day of October, 1932, an employee of the City of Columbus, Ohio, in the capacity of a relief worker, and that he then received an injury arising out of his employment; that he made application to the respondent for compensation; that his claim was recognized as a compensable injury claim, and he was paid compensation in the amount of $19.29 to November 22, 1932, which was thereafter discontinued; that on August 3, 1933, he made application for a modification of the award on the ground that he was still suffering from the injury; that his application was denied; that at a still later date he was suffering from the same disability, and the respondent made an order to the effect that his disability is not the result of the injury received while in the course of employment; application was made for a rehearing, which was denied, and an appeal taken to the Court of Common Pleas; that on October 9, 1936, in pur-

suance of a recommendation made by the attorney for the respondent, the Attorney General was authorized to stipulate that upon dismissal of the action the commission would reassume jurisdiction and award compensation, and that in pursuance of this stipulation the relator dismissed his appeal; that the respondent having reassumed jurisdiction, the relator is awaiting the award as stipulated; the respondent in pursuance of the recommendation by a referee allowed medical bills, but found that the claimant suffered no loss between October 9, 1932 and October 15, 1934, and that claimant be required to file further proof as to all his earnings subsequent to the latter date; that this order was made under the erroneous assumption that relator had suffered no impairment in earning capacity because he had been given relief equal to or in excess of what he had earned as a relief worker, and that such action is an abuse of discretion, to correct which relator prays for a writ of mandamus.

Respondent answers setting up the order of the commission made November 28, 1935, holding that the disability was not the result of the injury, and that the commission is without jurisdiction, and ordering the return of the award paid, admitting that the proceedings in the Court of Common Pleas was dismissed when the commission resumed jurisdiction, and alleging that the claimant suffered no loss or impairment of earnings and ordered that the claimant be required to file further proof as to all his earnings subsequent to December 15, 1934; that the respondent had paid medical bills, and has retained jurisdiction of the claim, and is ready to consider the matter further whenever the relator submits proof of an impairment of his earnings.

The claim of the respondent is that the relator has received in the form of relief, income equal to and at times in excess of the amount which he received as a relief worker, at the time he was injured, and that he is not entitled to further participate for the reason that he has suffered no impairment of earnings.

It is claimed by the relator that he is entitled to have his compensation based upon his loss of earning capacity, and the fact that he was a relief worker, and after his injury received as much or more than he earned while working, from public sources does not deprive him of the right to compensation fixed upon loss of earning capacity.

In the case of **State v McWhorter, 129**

Oh St 40, the court holds that an injured relief worker is entitled to the benefits of the Workmen's Compensation. That case was decided November 27, 1934.

Since that decision §§3496-1 and 3496-16 GC, inclusive, effective June 17, 1935, have provided for public work relief compensation; §3496-6 GC provides that work relief employees shall be entitled to receive out of the work relief, employees' compensation fund, compensation and benefits for loss sustained on account of such injury or death, as provided for in Workmen's Compensation Act, with certain exceptions.

No compensation shall be paid from the fund on account of any temporary disability or partial disability, with certain exceptions.

All compensation payable shall be on the basis of computation provided for.

Sec 3496-15 GC enumerates certain sections that are not applicable to public work relief compensation.

It was held in State ex Slaughter v Ind. Comm., 132 Oh St 537, that when a relief worker employed by a political subdivision dies as a result of an accident, the right of his dependents to compensation must be measured by the statutes in force at the time of his death, and that a statute granting a right of appeal need not provide for a jury trial in reference to the facts, and that §3496-13 GC pertaining to the review of orders of the commission is a valid remedial statute retroactive in operation.

This court, in the case of State ex Kinzig v Ind. Comm. No. 2808, Franklin County, March 31, 1938, (unreported), (27 Abs 22) held that where an employee suffered temporary total disability but his employer continued to pay his wages, such employee is not entitled to be compensated out of the state fund, the court holding that §§1465-68 and 1465-79 GC must be read together, and that payment by virtue of §1465-79 GC is only to be made to those who come within the terms of §1465-68 GC which provides that the employee shall be paid compensation for loss sustained, and that having been paid his full wages after the injury, he suffered no loss.

The writer of this opinion dissented.

In the case of State ex Rubin v Ind. Comm., 134 Oh St 12, the Supreme Court had before it practically the same question involved in State ex Kinzig, supra.

The claimant in that case—"as a direct result of the injury, suffered a temporary total disability from April 28, 1935, to June 11, 1935."

The commission found "that claimant's wages were continued during the period of disability, therefore, there was no authority for payment of compensation over the period from April 28, 1935, to June 10, 1935. The court stated that the whole question is: "Is an employee who has received his regular wages during the period of total disability entitled to compensation for such disability under the Workmen's Compensation Act?"

The court points out the provision of §1465-68 GC to the effect that every employee who is injured shall be paid such compensation out of the fund for loss sustained on account of such injury.

The court refers to Ind. Comm. v Royer, 122 Oh St 271, where in construing subdivision 80, it was held that an employee who suffered partial disability is entitled to compensation, even though he earns during the period for which compensation is sought an amount equal to or more than his wages at the time of the injury.

Judge Marshall in that case said: "The fact, if it was a fact, that she was earning more than the wages received at the time of the injury is not controlling, or even important. It is not a question of actual earnings, but of impairment of earning capacity. The fact of increased or decreased earnings has no essential relation to earning capacity."

The court in the Rubin case points out that under §1465-80 GC the allowance for partial disability is based upon impairment of earning capacity.

On the contrary, §1465-79 GC allows a percentage of the average weekly wage for temporary total disability.

The court says there is evidently a distinction between the two sections. Under §1465-80 GC the loss sustained in the impairment of earning power; under §1465-79 GC, it is the loss of wages. Under the circumstances existing in the case there was no loss, and, therefore, no right to compensation for the disability. Does the relator in this case come within the provisions of §§1465-79 or 1465-80 GC?

Subdivision 1465-79 GC provides in case of temporary disability the employee shall receive the percent as long as such disability is total.

As pointed out in the Kinzig case, compensation is only allowed for loss sustained, and the claimant in this case not having sustained any loss by virtue of the relief he has received, would not be entitled to compensation, if he comes within the provisions of §§1465-79 and 1465-68 GC.

Subdivision 1465-79 GC covers temporary total disability.

The compensation in §1465-68 GC is "for loss sustained on account of such injury." §1465-79 GC fixes the compensation as a percent of his wages, so long as the disability is total. There is no claim that the disability in the instant case is total, and, therefore, subdivision §1465-79 GC does not apply, nor the provisions of the co-related subdivision §1465-68 GC.

Sec 1465-80 GC provides that the employee shall receive a percent of the impairment of his earning capacity, during the continuance thereof.

The Supreme Court has stated it thus: "There is evidently a distinction between the two sections. Under §1465-80 GC the loss sustained is an impairment of earning capacity; under §1465-79 GC it is the loss of wages."

The claimant falls within the provisions of §1465-80 GC, and therefore under the Royer case, 122 Oh St 271, the fact that he was earning or was donated more under relief than he was earning when injured is not controlling or even important. His right is to have determined by the impairment of his earning capacity and that does not depend upon the amount he may have earned or have paid to him from the relief fund since his injury, provided as a relief worker, his right to compensation is not controlled by the sections especially relating to relief compensation, passed since his injury.

The relator suffered his injury on October 9, 1932. The sections relating to public work relief compensation became effective June 17, 1935. The cause of action of the injured employee accrues at the time he receives the injury and is not subject to diminishment subsequent to the accrual of the right and any right must be measured by the applicable statutes in force at the time of the injury. Industrial Commission of Ohio v Kamrath, 118 Oh St 1; State ex Slaughter v Industrial Commission of Ohio, 132 Oh St 537.

· The Attorney General stipulated that upon dismissal of the action the commission would reassume jurisdiction and award compensation. This must be done under the provisions of the statute which fixes the relator's compensation at a certain per cent of the impairment of his earning capacity. The relator's complaint is that the commission before fixing his compensation

has required him to file further proof of all his earnings subsequent to October 15, 1934. We fail to see that the commission has a right to require this although it may be possible that in the further examination of this case the amount he has received may throw light upon the impairment of his earning capacity and so may become pertinent. The commission has made no order respecting this claim and should determine whether or not the relator has suffered partial disability resulting from his injury and if so should determine the extent of the impairment of his earning capacity, if any, and make or refuse an award under this section.

Writ allowed ordering the commission to determine whether the relator is entitled to compensation under §1465-80 GC.

BARNES, PJ, and HORNBECK, J, concur