THE STATE, EX REL. FRANK, v. KELLER, ADMR., BUREAU OF
WORKMEN'S COMPENSATION, ET AL.

[Cite as State, ex rel. Frank, v. Keller, Admr., 3 Ohio App. 2d 428.]

(No. 7648—Decided March 2, 1965.)

*Mr. Richard N. Larrimer*, for relator.

*Mr. William B. Saxbe*, attorney general, and *Mr. Robert M. Duncan*, for respondents.

DUFFY, J. This is an action in mandamus originating in this court.

Both parties have made a motion for summary judgment, asking this court to determine whether Section 4123.57 (B), Revised Code, as amended effective October 1, 1963 (130 Ohio Laws 926,1466), can be applied in determining the percentage of permanent partial disability award for claimants whose injuries were received prior to the effective date of that amendment.

In the present action the parties are in agreement that at the time of injury (October 18, 1961), Section 4123.57 (B) provided for the payment of compensation for permanent partial disability based on the percentage of permanent partial

disability found by the Industrial Commission, and that approximately two years later (October 1, 1963) and before an award of compensation was made in the claim, the Legislature amended Section 4123.57 (B) so that after providing for an award for permanent partial disability, the section contained the following:

"* * * No award shall be made under this division based upon a percentage of disability which, when taken with all other percentages of permanent disability, exceeds one hundred per cent. * * *"

Previously, effective November 2, 1959 (128 Ohio Laws 743, 757, 762), the Legislature had amended Section 4123.57 and had enacted Section 4123.571, Revised Code, which reads as follows:

"In connection with the procedural and remedial rights of employees, all claims which have accrued prior to the effective date of this act, whether or not an application for claim has been filed, or whether or not jurisdiction has been established or whether or not an application for an award under divisions (A), (B), (C), or (D) of Section 4123.57 of the Recised Code has been filed shall be governed by the provisions of 4123.57 of the Revised Code, as amended by this act."

The parties agree also that on December 11, 1963, the Industrial Commission made a determination that the relator had a 35% permanent partial disability which prior to the amendment of Section 4123.57, Revised Code, on October 1, 1963, would have entitled the claimant to compensation for 70 weeks at the rate of $49 per week, or a total award of $3,430 for permanent partial disability. However, the Industrial Commission found that in three prior claims filed by the relator, it had allowed him compensation for permanent partial disability which totaled 84%, and therefore awarded him compensation equal to a 16% permanent partial disability, or 32 weeks at a rate of $49 per week totaling $1,568.

The relator contends that there was no limiting provision in the Code section prior to October 1, 1963. Since the amount of compensation payable to an injured employee was involved, a substantive right of the relator was affected, and the amendment can apply only to claims in which the injury was received after that date.

The Industrial Commission contends that the statute merely sets forth the procedure for the recovery of compensation and the extent to which relator may participate in the Workmen's Compensation Fund on account of his injury; that the section as amended October 1, 1963, provides only a limitation on the extent of the recovery, affecting only remedial or procedural rights, and applies to all claims whether filed before or after that date. They rely on an Attorney General Opinion No. 108, dated October 17, 1963.

We believe that the maximum amount of compensation to which a claimant is entitled is a substantive right and is governed by the statutory law in effect on the date of injury. See *Industrial Commission* v. *Kamrath*, 118 Ohio St. 1; *State, ex rel. Schmersal,* v. *Industrial Commission*, 142 Ohio St. 477; and *State, ex rel. Jeffrey,* v. *Industrial Commission*, 164 Ohio St. 366.

Even assuming that the limitations on the amount of compensation were procedural, it would appear that Section 1.20, Revised Code, would govern this case and that the amendment should apply prospectively only. Section 4123.571 was enacted on November 2, 1959, to control only amendments to Section 4123.57 effective the same date. The section specifically states "as amended by this act," and refers to claims filed prior to the effective date of "this act." The wording of the section limits its application to that particular act of the Legislature. It was not amended on October 1, 1963, nor does the amended Section 4123.57, effective October 1, 1963, expressly provide that it shall apply to pending actions before the Industrial Commission. See *Woodward, Admr.,* v. *Eberly,* 167 Ohio St. 177.

The motion for summary judgment filed by the relator will be granted, and judgment entered ordering the Industrial Commission to pay the compensation for permanent partial disability under the law in effect at the time the relator received the injury for which his claim was filed.

*Writ allowed.*

BRYANT, P. J., and TROOP, J., concur.