THE STATE, EX REL. VAUGHN, APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Vaughn, v. Indus. Comm. (1982),
69 Ohio St. 2d 115.]

(No. 81-656—Decided February 3, 1982.)

116

*E. S. Gallon & Assoc. Co., L.P.A.,* and *Mr. John A. Cervay,* for appellant.

*Mr. William J. Brown,* attorney general, and *Ms. Nancy J. Miller,* for appellee Industrial Commission.

*Mr. William C. Buckham,* for appellee Commercial Motor Freight, Inc.

*Per Curiam.* Appellant contends that compensation, pursuant to the December 20, 1973 order of the board of review, remains unpaid. The order, in pertinent part, provides:

"This claim * * * is granted to the extent that employer is

to compensate claimant for Temporary Total Disability from August 24, 1966 through March 31, 1968, July 1, 1968 through February 3, 1969, March 25, 1969 through May 30, 1969 and October 1, 1970 through March 31, 1974 with credit to be taken for benefits paid during such periods."

In July 1974, Commercial paid $5,646 for temporary total disability, which constituted payment through May 30, 1969. Appellant argues that the remaining compensation from October 1, 1970 through March 31, 1974, at the rate of $49 per week, totals $8,918 and not the $5,104 paid by the employer during the pendency of this action. Thus, appellant claims a deficiency of $3,814.

In 1966, R. C. 4123.56[1] imposed a statutory ceiling for temporary total disability at $10,750. The record demonstrates that appellant has received precisely this amount. "[T]he maximum amount of [workmen's] compensation to which claimant is entitled is a substantive right and is governed by the statutory law in effect on the date of injury." *State, ex rel. Frank,* v. *Keller* (1965), 3 Ohio App. 2d 428, 430. See, also, Young, Workmen's Compensation Law in Ohio (2 Ed.), 124, Section 7.1.

Therefore, regardless of the manner in which appellant wishes to characterize the order of the board of review, that order cannot exceed the statutory maximum for which appellant has been paid.

Appellant also argues that the commission violated its own administrative regulations governing self-insurance revocation proceedings, thereby denying appellant due process of law. Specifically, appellant contends that the rules contained in Ohio Adm. Code 4121-9-06(B) and (C)[2] were violated, in that

---

[1] In 1966, R. C. 4123.56 read, in relevant part:

"In the case of temporary disability, an employee shall receive sixty-six and two-thirds per cent of his average weekly wage so long as such disability is total, not to exceed a maximum of forty-nine dollars per week, and not less that a minimum of twenty-five dollars per week, unless the employee's wage is less than twenty-five dollars per week, in which event he shall receive compensation equal to his full wages; provided, that for the first twelve weeks of total disability the maximum weekly benefit payable shall be fifty-six dollars per week. In no case shall such benefits exceed ten thousand seven hundred fifty dollars. * * * "

[2] Ohio Adm. Code 4121-9-06(B) provides, in relevant part:

"Should the industrial commission be advised in writing by any manner including a

(1) the hearing was not held in a public place, (2) the Administrator was not notified, and (3) no court reporter was present. Examination of the record reveals this contention to be without merit.

The revocation hearing took place in a conference room situated within the premises occupied by the commission. The commission is an administrative agency and, as such, the building which it occupies is a public place. We find nothing inherently violative of the procedure set forth in Ohio Adm. Code 4121-9-06(B) when a revocation proceeding is conducted in a conference room, especially when the record is devoid of evidence indicating that any interested parties, whatsoever, were excluded from the hearing.

Regarding the presence of a court reporter, we conclude that appellant, in failing to object to the absence of such, prior to the commencement of the hearing, has waived this defect.

complaint from a claimant, a report from the employees of the bureau of workers' compensation, either following an audit of a self-insuring employer or otherwise or by report of its own employees that a self-insuring employer has failed to comply with any of the matters listed in paragraph (A) of this rule, the commission shall direct that a public hearing be held on the question of revocation of the employer's privilege of self-insurance. Should the commission find that the self-insuring employer has materially violated any parts of this rule and is incapable of operating a self-insuring program, or refuses to conform to the rules and regulations of the industrial commission or bureau of workers' compensation, then the commission and bureau will forthwith issue a revocation of authority to pay compensation, etc., direct, whereupon said employer shall be required to pay forthwith his eight months advance estimated premium into the state insurance fund."

Ohio Adm. Code 4121-9-06(C) provides:

"The employer shall be notified in writing that such a public hearing will be held and shall be furnished with copies of any complaint of an employee or report from the employees of the bureau or commission. The employer shall be given a period of thirty days following the mailing of such notice within which to file an answer in writing with the commission. Upon receipt of the employer's answer or upon the expiration of the above thirty-day period, if no answer is filed the commission shall refer the matter to a staff hearing officer for preparation of a review and statement of facts.

"(1) The matter shall then be assigned for hearing before the members of the commission and notices of such hearing shall be given to the self-insuring employer and the claimant, if he has filed a complaint, and to the administrator.

"(2) At the hearing the testimony given shall be taken by a court reporter and copies of the transcript of such testimony shall be furnished to the self-insuring employer, the complaining claimant, the administrator and the members of the commission. If the commission then finds that the employer has materially failed to comply with the rules set forth in paragraph (A), it shall cause a forfeiture of the privilege of self-insurance as provided by paragraph (B) of this rule."

Further, the record indicates that while the Administrator was not in attendance, he was, in fact, notified.

Finally, appellant urges that the Court of Appeals failed to decide whether the commission abused its discretion when it chose not to revoke Commercial's self-insurance status. R. C. 4123.35, which governs self-insurance, states, in part, that " * * * [t]he commission may * * * revoke the privilege * * * to pay [workers'] compensation direct, *if in its judgment* such action is necessary or desirable to secure or assure a strict compliance with all the provisions of Chapter 4123 of the Revised Code * * * ." (Emphasis added.)

The phrase "if in its judgment" vests within the commission substantial discretion when considering whether to revoke an employer's self-insured status. Cognizant of this fact, the Court of Appeals stated: "Obviously, the revocation of self-insured status lies within the sound discretion of the Industrial Commission. The discretion of an administrative board or commission cannot be controlled by a writ of mandamus. * * * " (Citations omitted.)

In view of this statement, we find that the Court of Appeals properly addressed the issue of a possible abuse of discretion by the commission.

For the foregoing reasons, the judgment of the Court of Appeals denying the writ is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.