THE STATE, EX REL. SAMKAS, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

(No. 81-1687—Decided June 30, 1982.)

*Messrs. Mancino, Mancino & Mancino* and *Mr. Paul Mancino, Jr.,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Richard J. Forman,* for appellee Industrial Commission.

*Seeley, Savidge & Aussem Co., L.P.A.,* and *Mr. Thomas M. Carolin,* for appellee Midland-Ross Corporation.

*Per Curiam.* R. C. 4123.57(C), after setting forth a schedule for compensation applicable to the loss of a thumb, fingers, or various portions thereof, provides, in pertinent part:

"If the claimant has suffered the loss of two or more fingers by amputation * * * and the nature of his employment * * * is such that the handicap or disability resulting from such loss of fingers, or loss of use of fingers, exceeds the normal handicap or disability resulting from such loss * * * the commission may take that fact into consideration and increase the award of compensation accordingly, but *the award made in such case shall not exceed the amount of compensation for loss of a hand."* (Emphasis added.)

Appellant contends the benefits set forth in R. C. 4123.57 (C) are consecutive in nature and, as such, where an individual loses fingers he is entitled to compensation therefor, and if a hand is subsequently lost, additional compensation becomes due. Essentially, appellant's argument requests a ruling on a hypothetical fact situation not presently before this court.

The facts in this cause are not in dispute. After the accident, appellant, the employer and the bureau agreed that the

amputation of the fingers justified an award for the total loss of a hand. The statute is clear; under these circumstances additional compensation may be made but under no circumstances is the award to "* * * exceed the amount of compensation for loss of a hand." Appellant has been compensated for the loss of his hand. Accordingly, this cause is governed by our decision in *State, ex rel. Vaughn,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 115, wherein we stated, at page 117:

" '[T]he maximum amount of [workmen's] compensation to which claimant is entitled is a substantive right and is governed by the statutory law in effect on the date of injury.' *State, ex rel. Frank,* v. *Keller* (1965), 3 Ohio App. 2d 428, 430. See, also, Young, Workmen's Compensation Law in Ohio (2 Ed.), 124, Section 7.1.

"Therefore, regardless of the manner in which appellant wishes to characterize the order of the board of review, that order cannot exceed the statutory maximum for which appellant has been paid."

This court has repeatedly held that "the determination of disputed factual situations is within the final jurisdiction of the Industrial Commission, and subject to correction by action in mandamus only upon a showing of abuse of discretion." *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 16. See, also, *State, ex rel. Reed,* v. *Indus. Comm.* (1965), 2 Ohio St. 2d 200; *State, ex rel. Allied Wheel Products,* v. *Indus. Comm.* (1956), 166 Ohio St. 47. The commission's decision here is not an abuse of discretion.

For the foregoing reasons, the judgment of the Court of Appeals denying the writ is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.