**WHITE, Appellant,**

**v.**

**INDUSTRIAL COMMISSION OF OHIO et al., Appellees.**

[Cite as *White v. Indus. Comm.* (1992), 82 Ohio App.3d 840.]

Court of Appeals of Ohio,
Lucas County.

No. L–92–040.

Decided Nov. 27, 1992.

*Theodore Bowman,* for appellant.

*Lee Fisher,* Attorney General, and *Diane J. Karpinski,* Assistant Attorney General, for appellees.

*Per Curiam.*

This matter is before the court on appeal from the Lucas County Court of Common Pleas. The facts giving rise to this appeal are as follows.

On August 21, 1975, appellant, James D. White, was injured in the course of and arising out of his employment with the Toledo Board of Education. As a result of these injuries, appellant was awarded temporary total disability benefits by the Ohio Bureau of Workers' Compensation. On January 23, 1986, appellant applied for and received permanent total disability compensation for his 1975 injury.

On May 19, 1988, appellant was convicted of a criminal offense and sent to prison. As a result, the Industrial Commission suspended appellant's benefits. The commission order advised appellant that following his release from prison, he could file for reinstatement of his benefits. The Lucas County Court of Common Pleas affirmed the commission's order on January 17, 1992. Appellant now appeals setting forth the following assignments of error:

"1. The trial court erred in failing to grant declaratory relief for the reason that the Industrial Commission's suspension of an incarcerated claimant's permanent total disability benefits constitutes an unlawful retroactive application of an amended law that was not in existence at the time of the claimant's injury.

"2. The trial court erred in failing to grant declaratory relief for the reason that the Industrial Commission's demand for a claimant to undergo a second permanent total disability determination upon release from confinement is an excessive requirement beyond the language and intent of the legislature.

"3. The trial court erred in failing to grant declaratory relief for the reason that an Industrial Commission's declaration of permanent total disability status necessarily precludes incarceration from being the intervening cause removing a claimant from the workplace."

■ Appellant's first and second assignments of error focus on the applicability of R.C. 4123.54, which provides, in pertinent part:

"Compensation or benefits shall not be payable to a claimant during the period of confinement of the claimant in a penal institution in this or any other state for conviction of violation of the criminal law of this or any other state."

Appellant contends that the Industrial Commission erroneously applied R.C. 4123.54 to appellant's claim.

■ It is well-settled law that an employee's cause of action under the workers' compensation statute accrues at the time of injury. The employee's right to recover is measured by the statutes in force at the time of injury rather than by subsequently enacted statutes. *Republic–Franklin Ins. Co. v. Amherst* (1990), 50 Ohio St.3d 212, 213, 553 N.E.2d 614, 615; *State ex rel. Samkas v. Indus. Comm.* (1982), 70 Ohio St.2d 279, 281, 24 O.O.3d 364, 365,

437 N.E.2d 288, 289; *State ex rel. Vaughn v. Indus. Comm.* (1982), 69 Ohio St.2d 115, 117, 23 O.O.3d 161, 163, 430 N.E.2d 1332, 1334; *State ex rel. Jeffrey v. Indus. Comm.* (1956), 164 Ohio St. 366, 58 O.O. 152, 131 N.E.2d 215; *State ex rel. Westley v. Indus. Comm.* (1939), 59 Ohio App. 486, 13 O.O. 228, 18 N.E.2d 810.

Neither the commission's order suspending appellant's compensation nor the trial court's decision affirming the commission's order cites R.C. 4123.54 as authority for suspending appellant's benefits. Appellant's injury occurred in 1975. R.C. 4123.54 was enacted in 1986, approximately ten years after appellant's injury. Therefore, the statute is not applicable to the facts in this case. Appellant's first and second assignments of error are found not well taken.

█ In his third assignment of error, appellant contends that his incarceration should have no effect on his receipt of permanent total disability benefits. Appellant acknowledges that the Supreme Court of Ohio has ruled that a claimant's incarceration precludes his or her receipt of temporary total disability compensation. *State ex rel. Ashcraft v. Indus. Comm.* (1987), 34 Ohio St.3d 42, 517 N.E.2d 533. Appellant argues against extending the *Ashcraft* ruling to recipients of permanent total disability compensation.

█ The purpose behind temporary total disability compensation is to compensate an employee for the loss of earnings. *State ex rel. Bunch v. Indus. Comm.* (1980), 62 Ohio St.2d 423, 16 O.O.3d 449, 406 N.E.2d 815. Temporary total disability requires a claimant to show an inability to return to a former position of employment and exclusively involves work-prohibitive disabilities. *State ex rel. Kaska v. Indus. Comm.* (1992), 63 Ohio St.3d 743, 746, 591 N.E.2d 235, 237, citing *State ex rel. Ramirez v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586. In contrast, permanent total disability requires a claimant to show an inability to perform sustained remunerative employment. *Id.*, citing *State ex rel. Jennings v. Indus. Comm.* (1982), 1 Ohio St.3d 101, 1 OBR 135, 438 N.E.2d 420. The purpose of permanent total disability is to compensate for an impairment of earning capacity. *Bunch, supra,* citing *State ex rel. Gen. Motors Corp. v. Indus. Comm.* (1975), 42 Ohio St.2d 278, 71 O.O.2d 255, 328 N.E.2d 387. As the Supreme Court stated in *Bunch:* "Although both categories of disabilities * * * have the same extent or degree, *i.e.,* total, the duration of the two are [*sic*] different. The different statutory goals require the two sections [R.C. 4123.56, temporary total disability ('TTD') and R.C. 4123.58, permanent total disability ('PTD') ] to be read separately." *Id.*, 62 Ohio St.2d at 427, 16 O.O.3d at 451, 406 N.E.2d at 818.

The pertinent facts of *Ashcraft* are as follows. In 1978, Nelson Ashcraft was injured while working within the scope of his employment. He received TTD compensation from March 1, 1978 to September 14, 1980. Thereafter, he was incarcerated on a felony charge. In 1981, while incarcerated, Ashcraft filed a motion with the Industrial Commission seeking TTD compensation from September 14, 1980 through March 23, 1981. The Industrial Commission denied Ashcraft's request on the grounds that Ashcraft's incarceration amounted to a subsequent, voluntary abandonment of his work. The Supreme Court of Ohio agreed, stating:

"While a prisoner's incarceration would not normally be considered a 'voluntary' act, one may be presumed to tacitly accept the consequences of his voluntary acts. When a person chooses to violate the law, he, by his own action, subjects himself to the punishment which the state has prescribed for that act. * * *

"[W]e find that relator's incarceration constitutes a factor which, independently of his previously recognized work-related injury, would preclude his receipt of temporary total disability compensation." *Id.*, 34 Ohio St.3d at 44–45, 517 N.E.2d at 535.

We have recently addressed the issue of suspension of PTD benefits in *Saenz v. Indus. Comm.* (June 30, 1992), Lucas App. No. L–91–251, unreported, 1992 WL 144840, appeal pending in case No. 92–1755. The Industrial Commission suspended Yolanda Saenz's PTD benefits upon her incarceration for a felony drug offense. This court ruled against extending the *Ashcraft* ruling to recipients of PTD compensation. Our reasoning was based on the differences between TTD compensation and PTD compensation.

However, upon further review we find our *Saenz* decision must be overruled. In two recent Ohio Supreme Court's cases, the court has recognized a claimant's retirement as a factor justifying the termination of PTD benefits. Retirement, like incarceration in *Ashcraft*, is viewed as the voluntary abandonment of employment. The Supreme Court stated in *State ex rel. Chrysler Corp. v. Indus. Comm.* (1991), 62 Ohio St.3d 193, 196, 580 N.E.2d 1082, 1085: "It would * * * be inconsistent to state that retirement would not prevent an award of permanent total disability benefits but would preclude temporary total disability compensation, particularly when the criterion for temporary total disability is much less demanding than that of permanent total disability." In *State ex rel. Crisp v. Indus. Comm.* (1992), 64 Ohio St.3d 507, 508, 597 N.E.2d 119, 120, the court held: "An employee-initiated retirement that is not precipitated by industrial injury is considered 'voluntary.' *State ex rel. Rockwell Internatl. v. Indus. Comm.* (1988), 40 Ohio St.3d 44, 531 N.E.2d 678

\* \* \*.  Voluntary retirement precludes permanent total disability compensation."

In *Saenz*, we noted that the *Ashcraft* court had held that a claimant's incarceration amounted to the voluntary abandonment of employment in TTD cases.  Because the Supreme Court of Ohio has recognized the voluntary abandonment of employment, specifically retirement, to be a factor justifying the termination of PTD benefits, we are compelled to affirm the decision of the Lucas County Court of Common Pleas affirming the Industrial Commission's order suspending appellant's benefits.  In doing so, we reverse our decision in *Saenz v. Indus. Comm., supra.*  Accordingly, appellant's third assignment of error is found not well taken.

On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is hereby affirmed.  Costs to appellant.

*Judgment affirmed.*

HANDWORK, MELVIN L. RESNICK and SHERCK, JJ., concur.