FRANCIS, APPELLANT, *v.* CHRYSLER CORPORATION ET AL.,
APPELLEES.

(No. 75-527—Decided December 31, 1975.)

*Rudd, Karl, Sheerer, Lybarger & Campbell, Co., L. P. A.*, and *Mr. Benjamin B. Sheerer*, for appellant.

*Messrs. Buckingham, Doolittle & Burroughs* and *Mr. Walter E. deBruin*, for appellee Chrysler Corporation.

*Mr. William J. Brown*, attorney general, for appellee Administrator, Bureau of Workmen's Compensation.

*Per Curiam.* Appellant's primary contention is that the ordinary and plain meaning of R. C. 4123.84,* its legisla-

---

*As pertinent here, R. C. 4123.84 provides:

"(A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:

"(1) Written notice of the specific part or parts of the body claimed to have been injured has been made to the Industrial Commission or the Bureau of Workmen's Compensation;

"(2) In the event the employer has elected to pay compensation or benefits directly, one of the following has occurred:

"(a) Written notice of the specific part or parts of the body claimed to have been injured has been given to the commission or bureau;

"(b) Compensation or benefits have been paid or furnished equal to or greater than is provided for in Sections 4123.52, 4123.55 to 4123.62, inclusive, and 4123.64 to 4123.67, inclusive, of the Revised Code.

"(3) Written notice of death has been given to the commission or bureau.

"(B) As used in division (A)(2)(b) of this Section 'benefits'

tive history, the special characteristics of self-insurance, and the liberal construction to be given to the Workmen's Compensation Act, include as a "benefit" the furnishing of medical services to an employee by a salaried plant physician, thereby causing such treatment to invoke the tolling aspect of R. C. 4123.84 (A)(2)(b).

However, as was stated by the Court of Appeals in its opinion:

"Therefore, in light of the statutory history and purpose, we find that there is a meaningful difference between an employer paying a doctor bill and an employer paying a salary to a doctor. This difference lies in the fact that when an employer pays a doctor bill for a specific injury, he is on notice of a possible workmen's compensation claim. Whereas, the payment of a salary to a physician does not supply any notice to the employer of any specific accident or injury. Were we to adopt the interpretation urged by the plaintiff we would, in effect, be vitiating the 1963 amendments by the legislature to R. C. 4123.84 and restoring it to the 1959 definition of benefits. Such is the result, in effect, reached by the court in the unreported case of *Harrison* v. *Sommer* [*supra*] * * *."

Appellant contends further, in the alternative, that an interpretation of R. C. 4123.84 which does not include treatment by a company salaried physician as "benefits" would deny appellant equal protection of the laws, in violation of the state and federal Constitutions.

The Court of Appeals' reply to that contention is well-stated:

"However, we fail to see how R. C. 4123.84(B)(2) invidiously discriminates against the worker in the factory of a self-insurer. He can toll the statute by filing a written claim with the Industrial Commission, whether employed

means payment by a self-insured employer to, or on behalf of, an employee for:

"(1) A hospital bill;

"(2) A medical bill to a licensed physician or hospital;

"(3) An orthopedic or prosthetic device."

by a self-insurer, or a regular contributor to the fund. As an employee of a self-insurer, the plaintiff (appellant) has the same options as his fellow employees of filing a written notice or submitting a bill of a licensed physician for payment. If he elects to receive treatment in some form other than by a hospital, or a licensed physician, he can still file a written notice. The classifications urged by plaintiff are really artificial sub-classes. In reality, it actually takes less for an employee of a self-insurer to toll the statute, than it does for an employee of a non self-insurer. We do not feel that the reasoning of *Fleischman* v. *Flowers*, 25 Ohio St. 2d 131 (1971), *Emmons* v. *Keller*, 21 Ohio St. 2d 48 (1969), or *Kinney* v. *Kaiser Aluminum & Chemical Corp.*, 41 Ohio St. 2d 120 (1975) are applicable to this case. * * *''

Based on the foregoing, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and W. BROWN, JJ., concur.

P. BROWN, J., concurs in the judgment.