GREEN, APPELLANT, *v.* STRINGER, ADMR., APPELLANT;
INTERNATIONAL HARVESTER COMPANY, APPELLEE.

(Nos. 1156 and 1157—Decided January 13, 1978.)

*Mr. Joseph A. Marchese,* for appellant Thomas H. Green.

*Mr. Solomon Basch,* for appellant Anthony R. Stringer, administrator, Bureau of Workers' Compensation.

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Thomas M. Taggart* and *Mr. Robert E. Tait,* for appellee International Harvester Co.

SHERER, P. J. The facts in this case are not in dispute.

On July 22, 1969, Thomas H. Green suffered an injury in the course of and arising out of his employment with International Harvester Company as a result of which he never did return to his work.

On February 5, 1974, the Industrial Commission issued an order declaring Green to be permanently and total-

ly disabled as a result of that accident and the employer was ordered to pay Green the statutory amount for such disability.

At the time of his injury Green was a member of a union with which the employer had an agreement providing a pension plan which affords monthly benefits to an employee who is permanently and totally disabled whether or not such disability is occupational or non-occupational in origin. The disability retirement plan is supported entirely by contributions from the employer.

On April 22, 1974, the employer filed a motion with the Industrial Commission pursuant to the provisions of R. C. 4123.56 requesting an order that permanent and total disability compensation benefits be reduced by the amount of permanent total disability pension payments made by the employer pursuant to its disability retirement program.

On July 10, 1974, the Industrial Commission denied the employer's motion.

The employer, pursuant to R. C. 4123.519, appealed to the Common Pleas Court. Green and the Administrator moved to dismiss the appeal on the ground that the Common Pleas Court lacked jurisdiction because the Industrial Commission's decision was not other than a decision as to the extent of disability.

The trial court overruled the motions to dismiss the appeal, holding that the Commission's order was appealable.

The trial court, after considering the evidence presented, held that R. C. 4123.56 applied to the facts in this case, and found that the employer was entitled to reduce the permanent total Workers' Compensation benefits payable to Green by the amounts of disability payments made to him under the employer's disability retirement program pursuant to the provisions of R. C. 4123.56. The court rendered a final judgment in favor of International Harvester Co.

Both Green and the Administrator of the Bureau of Workers' Compensation have appealed to this court.

Appellants assign two errors to the judgment of the Common Pleas Court:

"(1) The Trial Court erred in holding that it had jurisdiction of the employer's appeal.

"(2) That the Trial Court erred in holding that Revised Code 4123.56 is applicable to the facts in this case."

Appellants argue that the Common Pleas Court lacked jurisdiction of the employer's appeal because the decision and order of the Industrial Commission was an order with respect to the extent of Green's right to participate in the Workers' Compensation Fund and was not appealable under R. C. 4123.519.

Appellants cite, along with other cases, the case of *State, ex rel. Campbell*, v. *Indus. Comm.* (1971), 28 Ohio St. 2d 154. At pages 155, 156, the court stated:

"In reviewing past decisions of this court, a firm thread of consistency becomes evident. It is apparent from our prior holdings that an order of the Industrial Commission which is not an absolute denial of a claim going to the basis of a claimant's right to participate, or to continue to participate, in the Workmen's Compensation Fund is 'a decision as to the extent of disability' within the meaning of R. C. 4123.519. *Carpenter* v. *Scanlon* (1958), 168 Ohio St. 139, 151 N. E. 2d 561; *State, ex rel. Mansour*, v. *Indus. Comm.* (1969), 19 Ohio St. 2d 94, 249 N. E. 2d 775; *Reeves* v. *Flowers* (1971), 27 Ohio St. 2d 40.

"Equally discernible from our former decisions is the deductive conclusion that an order of the Industrial Commission that determines the extent to which a claimant may participate, or continue to participate, in the Workmen's Compensation Fund under an allowed claim is also 'a decision as to the extent of disability' within the meaning of R. C. 4123.519. *Brecount* v. *Procter & Gamble Co.* (1957), 166 Ohio St. 477, 144 N. E. 2d 189; *State, ex rel. Mansour*, v. *Indus. Comm., supra*, at page 101; *Reeves v. Flowers, supra*, at page 44."

R. C. 4123.519 provides in part:

"The claimant or the employer may appeal a decision of the industrial commission in any injury case, other

than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted * * *."

In this case, the Industrial Commission made an order on February 5, 1974, finding Green to be permanently and totally disabled as a result of an injury in the course of and arising out of his employment and ordering the employer to pay Green the statutory amount for such disability.

R. C. 4123.56, styled "Temporary disability compensation," provides in part:

"If any compensation for total disability has been paid for the same period or periods for which non-occupational disability insurance or benefits is or has been paid pursuant to an insurance policy or program to which the employer has made the entire contribution or payment for providing such insurance or benefits, compensation for total disability for such period or periods shall be paid only to the extent by which such payment or payments exceeds the amount of such non-occupational insurance or benefits paid or payable."

In the case *State, ex rel. Benton,* v. *C. & So. O. Elec. Co.* (1968), 14 Ohio St. 2d 130, the court held, in its syllabus:

"1. Mandamus cannot be used as a substitute for an appeal pursuant to Section 4123.519, Revised Code, where an appeal thereunder is available to test a determination of the Industrial Commission.

"2. A claimant cannot receive partial disability compensation under division (C) of Section 4123.57, Revised Code, in addition to compensation for permanent total disability under Section 4123.58, Revised Code, for the same injury.

"3. Where an employee suffers an injury resulting in the bilateral amputation of both hands, he is entitled to permanent total disability benefits under Section 4123.58, Revised Code, and such award precludes a further award for partial disability benefits under Section 4123.57, Revised Code, for the same injury."

At page 131, the court stated the case as follows:

"The appellant, Fred R. Benton, in the course of and arising out of his employment, sustained severe burns to both of his hands, requiring bilateral amputation. On October 24, 1963, the Bureau of Workmen's Compensation, having paid appellant temporary total disability benefits from the date of the injury, ordered payment of permanent and total disability benefits. Appellant now seeks permanent partial disability benefits in addition to the permanent and total disability benefits already awarded. The Industrial Commission has denied his claim.

"Appellant, uncertain as to the proper procedure to test the order of the commission, brought an appeal to the Common Pleas Court, and thereafter to the Court of Appeals, and also instituted an original mandamus action in the Court of Appeals. Being unsuccessful in both efforts, he has consolidated the appeals which were heard in this court as one."

In dismissing the appeal in the mandamus action and deciding the appeal on its merits, it appears that the court did not consider the appeal as one involving a question of "extent of disability" or "extent of participation" but rather a question involving interpretation of division (C) of R. C. 4123.57 and 4123.58.

Like Benton, Green in the case before us is receiving from his employer the maximum benefit provided by statute for his permanent and total disability. As Benton sought additional compensation for permanent partial disability contrary to the provisions of division (C) of R. C. 4123.57, Green is attempting to secure additional compensation for his permanent and total disability from his employer contrary to the provisions of that part of R. C. 4123.56 we have quoted above.

We conclude that the decision and order of the Industrial Commission was not a decision as to the "extent of disability" or as to "the extent of participation" and that the Common Pleas Court did not err in holding that such decision and order was appealable so as to give it jurisdiction.

The next question to be determined is whether the trial court erred in holding that the language of R. C. 4123.56 we have quoted is applicable to the facts in this case.

Appellants argue first that R. C. 4123.56 specifically refers to compensation received by a claimant for temporary total disability and there has never been any intent by the legislature to expand this section to include compensation received by a claimant for permanent total disability.

It is true that the above section is headed "Temporary disability compensation." It is also true that much of the body of such section deals with temporary disability compensation. Yet, in the last paragraph, such section provides for a set off of compensation benefits in cases involving "any compensation for total disability."

In *Slingluff* v. *Weaver* (1902), 66 Ohio St. 621, the court, in the second paragraph of the syllabus, stated:

"The question is not what did the general assembly intend to enact, but what is the meaning of what it did enact. That body should be held to mean what it has plainly expressed."

The appellee-employer argues that the quoted portion of R. C. 4123.56 is plain and unambiguous; that its provisions were meant to apply to "any compensation for total disability" whether it be "temporary" or "permanent." Appellee further argues that even if the relevant provision of R. C. 4123.56 is ambiguous, an application of well-settled rules of statutory interpretation clearly establishes that the legislature intended that section to apply to any compensation for total disability.

The General Assembly has established certain basic rules of statutory interpretation. R. C. 1.49 provides as follows:

"If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters:

"(A) The object sought to be attained;

"(B) The circumstances under which the statute was enacted;

"(C) The legislative history;

"(D) The common law or former statutory provisions, including laws upon the same or similar subjects;

"(E) The consequences of a particular construction;

"(F) The administrative construction of the statute."

In interpreting a statute the court should first and formost consider the object sought to be attained by the legislature.

The purpose behind the Ohio Workers' Compensation Law is found at Article II, Section 35 of the Ohio Constitution, where it is noted:

"For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. Such compensation shall be in lieu of all other rights to compensation or damages, for such death, injuries or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries, or occupational disease."

Prior to the passage of Amended Substitute House Bill No. 268, employers who provided nondiscriminatory disability insurance for their employees or who establish disability retirement programs were, in effect, being forced to pay double compensation to employees who also received Workers' Compensation total disability benefits. In order to remedy this inequitable situation, and at the same time preserve the integrity of the existing Workers' Compensation system, the legislature formulated the set-off provision which is included in R. C. 4123.56. With that clear purpose in mind, it would have made no sense for the legislature to limit the application of the provision to only compensation for temporary total disability.

To interpret the provisions of R. C. 4123.56 in the

manner urged by appellants would lead to an incongruous and contradictory result. An employer would receive credit for non-occupational payments made when the employee's total disability is temporary but no credit or offset whatsoever if the total disability becomes permanent. This was obviously not the object sought to be attained by the General Assembly by the enactment of that provision.

The General Assembly is presumed not to intend any ridiculous or absurd results from the operation of a statute which it enacts, and, if reasonably possible to do so, the statutes must be construed so as to prevent such results. *State, ex rel. Haines,* v. *Rhodes* (1958), 168 Ohio St. 165.

R. C. 1.01 provides that Title, Chapter, and section headings and marginal General Code section numbers do not constitute any part of the law as contained in the "Revised Code."

We conclude that the Common Pleas Court did not err in holding that the quoted portion of R. C. 4123.56 is applicable to the facts in this case.

Pursuant to its findings and conclusions with respect to the questions involved in the errors assigned, the court rendered a judgment as follows:

"In accordance with the decision rendered this date, judgment is rendered in favor of defendant, International Harvester Company. Said defendant is hereby directed to deduct from the permanent and total disability compensation benefits payable to plaintiff, Thomas Green, the amount of any disability payments payable to such plaintiff under said defendant's non-occupational disability retirement plan."

Finding no errors in the judgment of the Common Pleas Court, the judgment will be affirmed in its entirety.

*Judgment affirmed.*

McBride and Kerns, JJ., concur.