THE STATE, EX REL. BUNCH, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL.
THE STATE, EX REL. BUZARD ET AL., *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL.

[Cite as State, ex rel. Bunch, v. Indus. Comm. (1980), 62 Ohio St. 2d 423.]

(Nos. 79-1522 and 79-1523—Decided June 25, 1980.)

424

*Messrs. Clayman & Jaffy, Mr. Stewart R. Jaffy* and *Mr. John F. Livorno,* for relators.

*Mr. William J. Brown,* attorney general, and *Mr. Michael J. Hickey,* for respondents Administrator and Industrial Commission.

*Coolidge, Wall, Matusoff, Womsley & Lombard Co., L.P.A.,* and *Mr. Joseph A. O'Friel,* for respondent Chrysler Corp.

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Russell P. Herrold, Jr., Mr. Thomas M. Taggart* and *Mr. Robert E. Tait,* for respondent General Motors Corp.

PAUL W. BROWN, J.   At issue in the instant cause is a statutory provision formerly contained within R. C. 4123.56. This provision, part of an amendment to that statute on December 11, 1967 (132 Ohio Laws 1406), read as follows:

"If any compensation for total disability has been paid for the same period or periods for which non-occupational disability insurance or benefits is or has been paid pursuant to an insurance policy or program to which the employer has made the entire contribution or payment for providing such insurance or benefits, compensation for total disability for such period or periods shall be paid only to the extent by which such payment or payments exceeds the amount of such non-occupational insurance or benefits paid or payable."

This amendment, providing for an offset of non-occupational employer funded disability payments from workers' compensation benefits, in the years following its enactment was applied only in temporary total disability situations which are governed by R. C. 4123.56, the statute in which it appears. The offset provision, however, was read by the Court of Appeals for Clark County in *Green* v. *Stringer, supra* (58 Ohio App. 2d 53), to also apply to cases of permanent total disability governed by R. C. 4123.58. In response to that court decision, respondent-employers in the instant cause began to offset the amount of disability pensions received by relators against their workers' compensation benefits.

In reviewing the workers' compensation scheme established by R. C. Chapter 4123 it is clear that there is a particular statutory section for each type of compensation. R. C. 4123.56 deals with temporary total compensation; R. C. 4123.57 deals with permanent partial compensation; R. C. 4123.58 deals with permanent total compensation; R. C. 4123.59 deals with death benefits; and R. C. 4123.66 deals with additional compensation, such as payment for medical, nursing, hospital services, medicine and funeral expenses.

Yet in *Green, supra,* the lower court read the offset provision of R. C. 4123.56 into 4123.58 without any nexus between the two sections being demonstrated in regard to that offset provision and without any express statutory authorization for application of the offset to cases of permanent total disability. The court, in *Green* at pages 59-60, stated:

"To interpret the provisions of R. C. 4123.56 in the manner urged by appellants would lead to an incongruous and contradictory result. An employer would receive credit for non-occupational payments made when the employee's total disability is temporary but no credit or offset whatsoever if the total disability becomes permanent. This was obviously not the object sought to be attained by the General Assembly by the enactment of that provision."

This observation by the Court of Appeals is based upon an erroneous premise. The compensatory purposes of the two statutory sections are separate and distinct. The purpose of temporary disability benefits is to compensate for the loss of earnings. *State, ex rel. Rubin,* v. *Indus. Comm.* (1938), 134 Ohio St. 12. The aim in an award of a permanent total disability is to compensate for an impairment of earning capacity. *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278. Thus, contrary to the statement in *Green,* there is good reason to have differing results when dealing with a particular disability. Although both categories of disabilities here in question have the same extent or degree, *i.e.,* total, the duration of the two are different. The different statutory goals require the two sections to be read separately.

As part of an emergency legislation effective May 14, 1979 (Am. S.B. No. 30), the General Assembly overruled *Green* by amending R. C. 4123.56 to read as follows:

"If any compensation for *temporary* total disability has been paid for the same period or periods for which temporary non-occupational accident and sickness insurance is or has been paid pursuant to an insurance policy or program to which the employer has made the entire contribution or payment for providing such insurance or under a non-occupational accident and sickness program fully funded by the employer, compensation for total disability for such period or periods shall be paid only to the extent by which such payment or payments exceeds the amount of such non-occupational insurance or program paid or payable. Offset of such compensation shall be made only upon the prior order of the bureau or industrial commission or agreement of the claimant." (Emphasis added.)

Although it can be argued that the General Assembly substantially altered the statute and did not merely clarify it to

overrule *Green,* and, thus, this court cannot make the substantive change applicable prior to the 1979 amendment, *Hearing* v. *Wylie* (1962), 173 Ohio St. 221, the chronological setting and statutory change in the instant action does not require such a reading. It was pointed out in *State, ex rel. Gassmann,* v. *Indus. Comm.* (1975), 41 Ohio St. 2d 64, 67, that: "***It has long been held that the purpose of an amendment 'may be either to add new provisions and conditions to the section as it then stands, or for the purpose of making plain the meaning and intent thereof.' *Lytle* v. *Baldinger* (1911), 84 Ohio St. 1, 8.'' The legislature appears to have intended to merely clarify R. C. 4123.56, in response to *Green.* Further, R. C. 4123.95 mandates a liberal construction in favor of employees.

Accordingly, we hold that the former provision of R. C. 4123.56, which authorized a reduction of workers' compensation benefits by amounts paid pursuant to a non-occupational disability insurance or benefit program totally funded by an employer, is not applicable to cases of permanent total disability governed by R. C. 4123.58. The writs of mandamus sought by relators are hereby allowed.*

*Writs allowed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

---

* Respondent General Motors challenges the propriety of an action in mandamus to resolve the issues raised in this cause of action. It is clear, however, that this action is properly brought in mandamus since it deals with the "extent of disability" and, therefore, is not appealable. See R. C. 4123.519; *Zavatsky* v. *Stringer* (1978), 56 Ohio St. 2d 386; *Miraglia* v. *B. F. Goodrich* (1980), 61 Ohio St. 2d 128.