THE STATE, EX REL. BOYD, APPELLEE, *v.*
FRIGIDAIRE DIVISION, GENERAL MOTORS CORP., APPELLANT;
INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Boyd, *v.* Frigidaire Div. (1984),
11 Ohio St. 3d 243.]

(No. 83-1393—Decided June 27, 1984.)

Messrs. *E. S. Gallon & Associates* and *Ms. Glenda Morgan Daker,* for appellee Boyd.

Messrs. *Cowden, Pfarrer, Crew & Becker* and *Mr. Joseph P. Buchanan,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Lee M. Smith* and *Mr. Michael L. Squillace,* for appellee Industrial Commission.

*Per Curiam.* The sole issue raised by this appeal is whether R.C. 4123.56 authorizes appellant to reduce an employee's temporary total disability benefits by the amount of benefits received for permanent total disability under an employer's plan.

It is appellant's contention that R.C. 4123.56 as it existed on the date of Boyd's injury applies and authorizes the setoff. At that time, R.C. 4123.56 provided, in relevant part:

"If any compensation for total disability has been paid for the same period or periods for which non-occupational disability insurance or benefits is or has been paid pursuant to an insurance policy or program to which the employer has made the entire contribution or payment for providing such insurance or benefits, compensation for total disability for such period or periods shall be paid only to the extent by which such payment or payments exceeds the amount of such non-occupational insurance or benefits paid or payable." (135 Ohio Laws, Part I, 1699.)

Effective May 14, 1979 (Am. S.B. No. 30), R.C. 4123.56 was amended to read:

"If any compensation for *temporary* total disability has been paid for the same period or periods for which *temporary* nonoccupational accident and sickness insurance is or has been paid pursuant to an insurance policy or program to which the employer has made the entire contribution or payment for providing such insurance or under a nonoccupational accident and sickness program fully funded by the employer, compensation for total disability for such period or periods shall be paid only to the extent by which such payment or payments exceeds the amount of such nonoccupational insurance or program paid or payable. Offset of such compensation shall be made only upon the prior order of the bureau or industrial commission or agreement of the claimant." (Emphasis added.)

We had an opportunity to construe this amendment in *State, ex rel. Bunch,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 423 [16 O.O.3d 449]. Specifically at issue therein was whether former R.C. 4123.56 permitted employers to offset permanent total workers' compensation disability benefits. In holding that it did not, we concluded that the purpose of the May 14, 1979 amendment to R.C. 4123.56 was to clarify the statute rather than

make any substantive change. *Id.* at 427-428. Accordingly, we ascribed the same meaning to former R.C. 4123.56 as was made clear in the amendment effective May 14, 1979.

This rationale applies with equal force herein. The May 14, 1979 amendment is clear that R.C. 4123.56 applies only to temporary benefits paid under an employer plan. Thus, the setoff is impermissible regardless which version of the statute was in effect when it was made.

Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.