OPINION
{¶ 1} This is an appeal from a judgment of the Franklin County Court of Common Pleas which denied an application for a writ of mandamus. The appeal involves the proper application of certain provisions of the Ohio Workers' Compensation Act.
 {¶ 2} The material facts of this case are not in dispute. Appellant, General Motors Corporation, is a self-insured employer. Appellant employed Chester Stephan. On October 10, 1998, appellee, Stephan, filed an application for workers' compensation benefits. Stephan claimed that, on October 5, 1998, while performing his job, he had herniated a disc in his back. On October 16, 1998, appellant declined to certify the application while appellant investigated to determine whether Stephan's back problem was work-related. While appellant conducted its investigation, Stephan applied for wage replacement benefits under a nonoccupational sickness and accident insurance program funded by appellant, General Motors. Under that program, appellant paid Stephan $7,091.30 in insurance benefits during a period of 16 weeks and six days that he was not at work: October 6, 1998 to January 30, 1999. The wage replacement insurance payments were made while Stephan's application for workers' compensation benefits was pending before the Ohio Bureau of Workers' Compensation. A portion of the insurance benefits was sent directly to Stephan while taxes were withheld and sent to the appropriate taxing authority.[1]
 {¶ 3} In the past, appellant had withheld potential income tax, but did not submit it to the taxing authorities until it was determined whether the benefits paid qualified as workers' compensation or insurance benefits. At the time of this event, appellant had altered bookkeeping procedures so that amounts withheld for taxes for payments under the nonoccupational insurance program immediately were sent to the taxing authorities as with any other wage withholding payment. Under appellant's revised bookkeeping, when insurance benefits are later determined to be workers' compensation and therefore, nontaxable, the employee has the right and the responsibility to file a request with the taxing authority for a refund of his or her taxes.
 {¶ 4} In February 1999, after investigating Stephan's claim, appellant notified the commission that it would voluntarily recognize the injury as work-related. As a work-related injury, Stephan was entitled to $541 per week for temporary total disability ("TTD"), a total of $9,119.71. Because Stephan was entitled by law to $9,119.71 in workers' compensation benefits, and that amount exceeded the amount paid to Stephan under the employer funded, nonoccupational insurance policy, appellant was required to pay Stephan the difference between the amount paid by insurance, including that which was withheld for taxes, and the amount to which he was entitled under workers' compensation law, a total of $2,028.41. R.C. 4123.56(A).[2]
 {¶ 5} On May 7, 1999, Stephan sought additional compensation from the Industrial Commission. Stephan claimed that because GM withheld approximately $1,189 in taxes from the $7,091.30 generated under the nonoccupational insurance policy, GM's payment of $2,028.41 was not full compensation for his injury. Stephan sought an order from the commission requiring appellant to pay him an additional $1,189. A district hearing officer ("DHO") agreed that the wage replacement insurance benefits appellant had already paid to Stephan could offset the total amount owed for TTD. However, the DHO reasoned that because Stephan was entitled to $9,119.71 in TTD compensation benefits as computed by statute, he was entitled to that sum as a "net" or "take home" amount without regard to any taxes that had been withheld and paid to the taxing authority. The DHO ordered appellant to pay Stephan the amount that had been withheld on his behalf for taxes in addition to the total amount paid directly to Stephan under the nonoccupational insurance policy.
 {¶ 6} General Motors appealed the DHO's decision. A hearing was conducted on September 20, 1999 before a staff hearing officer ("SHO"). The SHO vacated the DHO's decision. The SHO noted that, under R.C. 4123.56(A), TTD "shall be paid only to the extent by which the payment or payments exceeds the amount of the nonoccupational insurance or program paid or payable." The SHO concluded that appellant had paid the correct amount to Stephan.
 {¶ 7} Stephan appealed the SHO's decision to the commission. Following a hearing conducted March 1, 2000, the commission vacated the SHO's decision. The commission held that under R.C. 4123.56, appellant could not claim an offset for taxes withheld on Stephan's behalf and Stephan was entitled to a net total of $9,119.71.
 {¶ 8} Appellant filed an original action in mandamus in the trial court below and argued that the commission erroneously interpreted R.C. 4123.56. The mandamus action sought an order compelling the commission to offset those workers' compensation benefits due to Stephan by the total amount paid out under a nonoccupational sickness and accident insurance policy paid for by appellant, including the taxes withheld.
 {¶ 9} By decision and entry rendered on June 30, 2003, the trial court found in favor of appellant and granted the writ. Although signed on June 30, 2003, the decision and entry was not file-stamped in the clerk of court's office until the next day, July 1, 2003, one day after the trial judge had left the trial bench.[3]
 {¶ 10} Stephan and the commission appealed to this court. SeeState ex rel. General Motors Corp. v. Indus. Comm., 159 Ohio App.3d 644,2005-Ohio-356.[4] On February 9, 2005, in a split decision, this court reversed the judgment of the trial court on procedural grounds. A majority of the panel concluded that although the original trial judge had signed the decision and entry before leaving office, because the signed entry was not file-stamped in the clerk of courts until the next day, the ruling was void. The case was remanded to the trial court for further proceedings. The panel did not reach the merits of the decision authored by the original trial judge.
 {¶ 11} Upon remand, Judge Reece reviewed the file, reached the opposite conclusion from that of Judge Sadler and denied the writ. The trial court held that the standard of review of the commission order interpreting R.C. 4123.56 was for an abuse of discretion. The court held the statute must be construed liberally in favor of the employee and that the commission did not abuse its discretion in interpreting R.C. 4123.56(A). Appellant, General Motors, timely appealed from that judgment.
 {¶ 12} Appellant raises a single assignment of error:
 The trial court erred as a matter of law when it declined to issue a writ of mandamus ordering the Industrial Commission to comply with R.C. 4123.56(A) and to offset Mr. Stephan's workers' compensation benefits by the total amount of disability insurance benefits General Motors paid for the same wage loss from the same injury to the same person.
 {¶ 13} Under R.C. 2731.01, "[m]andamus is a writ, issued in the name of the state to an inferior tribunal * * * commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." To be entitled to a writ of mandamus, a relator must establish a clear legal right to the writ and that the inferior tribunal, the Industrial Commission in this case, had a duty to provide the relief sought. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. Mandamus will not issue if the relator has an adequate remedy at law. Therefore, we first must determine whether appellant has an adequate remedy at law.
 {¶ 14} An adequate remedy at law includes the right of appeal. Under Chapter 4123 of the Revised Code, either the claimant or the employer may appeal to the court of common pleas from an order of the commission made under division (E) of R.C. 4123.511 in any case involving injury or occupational disease. R.C. 4123.512(A). The right of appeal provided by R.C. 4123.512 is limited to the question of whether the claimant is entitled to participate in the workers' compensation fund. Afrates v.Lorain (1992), 63 Ohio St.3d 22. Where causation is not an issue, there is no right of appeal and mandamus is the proper remedy. State ex rel.Ross v. Indus. Comm. (1999), 84 Ohio St.3d 364. Because this case does not involve a question of the claimant's right to participate in the fund, neither the employer nor the employee has a right of appeal from the commission's decision in question. Appellant has no adequate remedy at law and mandamus was the proper remedy to test the validity of the commission order in the trial court.[5]
 {¶ 15} At the outset, we must determine the standard of review in this case. Both the commission and Stephan argued in the trial court and now on appeal that the standard of review of actions taken by the commission is for an abuse of discretion. Appellees contend that because there is some evidence to support the commission ruling, the commission's discretion should not be disturbed.
 {¶ 16} On remand, following the first appeal, the trial court agreed with appellees and reviewed the commission order for an abuse of discretion. "The central issue herein is whether the Commission abused its discretion in ordering General Motors" [to pay Stephan the amount originally withheld for Stephan's taxes.] (Trial court decision, at 8.) The trial court found that R.C. 4123.56(A) did not specify whether the setoff was for the gross amount paid to and on behalf of the claimant or simply the net amount received by the employee from the employer. Therefore, the court reasoned that the statutory construction employed by the commission was not an abuse of the commission's discretion.
 {¶ 17} If this case involved a factual determination by the commission, both appellees and the trial court would be correct. The standard of review would warrant the issuance of a writ of mandamus only upon a showing that the commission abused its discretion in making those factual findings. See State ex rel. Rouch v. Eagle Tool MachineCo. (1986), 26 Ohio St.3d 197, 198, fn.1. However, that standard is not applicable where the commission does not determine facts.
 This court has held that "* * * `the determination of disputed factual situations is within the final jurisdiction of the Industrial Commission, and subject to correction by action in mandamus only upon a showing of abuse of discretion." State ex rel. Haines v. Indus. Comm. (1972), 29 Ohio St.2d 15, 16. * * * However, that standard of review is not relevant here since the commission made no factual determination * * *.
State ex rel. Zito v. Indus. Comm. (1980), 64 Ohio St.2d 53, at 55. (Emphasis supplied.)
 {¶ 18} Here, the commission did not make a factual determination; instead, the commission interpreted a statute enacted by the General Assembly. Interpretation of a statute involves a question of law, not fact. Accordingly, our review is de novo.
 {¶ 19} R.C. 4123.56(A) provides, in pertinent part, that:
 Except as provided in division (D) of this section, in the case of temporary disability, an employee shall receive sixty-six and two-thirds per cent of the employee's average weekly wage so long as such disability is total, not to exceed a maximum amount of weekly compensation which is equal to the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code * * *.
That section further provides that "compensation paid under this section * * * shall be paid only to the extent by which the payment or payments exceeds the amount of nonoccupational insurance or program paid or payable." It is undisputed that appellant paid for a nonoccupational sickness and accident insurance program. It is also undisputed that the funds paid directly to Stephan and withheld on his behalf for taxes came exclusively from that nonoccupational insurance program.
 {¶ 20} As written, the statute clearly provides that the setoff is based upon the amount "paid or payable" by the employer. It is true that the statute does not employ the words "net" or "net amount after taxes" or "received or receivable." However, that does not render the words "paid or payable" ambiguous. Had the General Assembly intended that only the amount received after taxes could be considered a setoff, the statute would have been so written. As a court, we are not empowered to substitute "received" and "receivable" for the statutory terms "paid" and "payable," or write into the statute language that would limit the setoff to the amount received by the employee. That is a matter for the General Assembly, not for a court through the vehicle of statutory construction.[6]
 {¶ 21} We find that the language of R.C. 4123.56(A) is clear and unambiguous. A setoff is available for funds "paid or payable." There is no need for statutory construction of a clear and unambiguous statute. The fact that R.C. 4123.95 requires that sections 4123.01 to 4123.94 be liberally construed in favor of employees cannot justify recovery of more than a statute plainly states is recoverable as compensation.State ex rel. Pittsburgh Conneaut Dock Co. v. Indus. Comm.,160 Ohio App.3d 741, 2005-Ohio-2206, appeal dismissed, 106 Ohio St.3d 1453,2005-Ohio-3479. Both the commission and the trial court erred in reading language into R.C. 4123.56(A) to achieve a different result than that intended by the legislature.
 {¶ 22} Appellant suggests that State ex rel. Maurer v. Indus.Comm. (1989), 47 Ohio St.3d 62, is instructive. We agree thatMaurer involves a basic tenet that is helpful to our review. InMaurer, an injured worker was granted compensation for partial loss of his leg under R.C. 4123.57(B). His condition deteriorated and he applied for total loss compensation under R.C. 4123.57(C). The Supreme Court of Ohio held that once awarded compensation for loss under R.C. 4123.57(C), the worker could no longer recover under R.C. 4123.56(B) as that would result in double recovery. Although the facts and statute differ from those in the instant appeal, the underlying principle is the same. When adopting the workers' compensation laws of this state, the General Assembly did not intend that injured workers would recover more than the maximum compensation provided by statute.
 {¶ 23} There is no reason to believe that principle does not apply to setoffs under R.C. 4123.56. The commission and the trial court read R.C. 4123.56(A) to require an employer to pay the gross amount of non-occupational insurance benefits to an employee over and above the sums withheld on behalf of the employee for taxes. Ultimately, the employee would benefit from the monies withheld on his behalf in the form of a tax refund or application of those funds to other taxes owed. We discern nothing in the workers' compensation statutes that would signal legislative intent to provide windfall, double payments to an injured employee. The rulings of the commission and of the trial court provide appellee Stephan with more TTD compensation than he is entitled to under Section 4123.56(A) of the Revised Code.
 {¶ 24} The commission relies upon State ex rel. Boyd v. FrigidaireDiv., General Motors Corp. (1984), 11 Ohio St.3d 243. Boyd involved an attempt to setoff the amount paid for permanent disability benefits paid through the employer's insurance. As the Supreme Court of Ohio succinctly stated "R.C. 4123.56 applies only to temporary benefits paid under an employer plan. Thus, the setoff is impermissible." Id. at 245. Unlike Boyd, in this case, appellant paid Stephan nonoccupational insurance benefits. Until Stephan's industrial claim was allowed, those insurance benefits were clearly and unequivocally taxable. Moreover, after Stephan's claim was allowed, those benefits were in place of TTD payments. We find that Boyd is not helpful to the determination of this case.
 {¶ 25} Appellees also argue that all payments from appellant are workers' compensation benefits and, therefore, are non-taxable. While, ultimately, Stephan's claim was allowed, that does not dictate the result. The initial $7,091.30 Stephan received was paid from GM's nonoccupational accident and sickness insurance program. At the time, GM had not yet recognized Stephan's injuries as work-related or granted him workers' compensation. The original $7,091.30 was paid out as insurance benefits, not workers' compensation. As such, they were taxable, at least until the claim was recognized and allowed. Under Section 105(A), Title 26, U.S. Code, "amounts received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross income" as long as they are paid by the employer. An employer is also required to withhold a certain amount from any payments made by an employer to an employee as sick pay. Section 3402(o)(1)(C), Title 26, U.S. Code. "Sick pay" is defined as any compensation that "is paid to an employee pursuant to a plan to which the employer is a party, and (ii) constitutes remuneration for a payment in lieu of remuneration for any period during which the employee is temporarily absent from work on account of sickness or personal injuries." Section 3402(o)(2)(C)(i) and (ii), Title 26, U.S. Code. Of the $9,119.71 appellant paid Stephan, $7,091.30 was from the nonoccupational sickness and accident insurance program funded by appellant. At the time appellant withheld taxes from Stephan's insurance payments, the payments were not considered workers' compensation benefits. Appellant was required by federal law to withhold a portion of those monies for tax purposes just as appellant was required to withhold taxes for ordinary wage payments.
 {¶ 26} Other issues raised by appellees are irrelevant to the singular issue on appeal. Whether Stephan will actually recover the taxes withheld on his behalf is of no consequence. He has the right to apply for a refund. Whether he receives a lump sum refund or applies the amount withheld to taxes he may owe for that tax year does not alter the issue in this case. The monies withheld belong to Stephan, not appellant. Filing for an income tax refund is not an onerous burden.[7]
 {¶ 27} R.C. 4123.56(A) clearly and unambiguously provides that an employer may set off the amount paid under a nonoccupational sickness and accident insurance program. The amount paid includes taxes withheld under federal and state law. Appellant's assignment of error is sustained. The judgment of the trial court is reversed and this case is remanded with instructions to issue the requested writ of mandamus ordering the Industrial Commission to set off the full amount paid by appellant under the nonoccupational sickness and accident insurance program, including those amounts withheld for the employee's taxes.
Judgment reversed; cause remanded with instructions.
PETREE and FRENCH, JJ., concur.
[1] Every employer who pays wages must deduct and withhold for taxes. Section 3402(a)(1), Title 26, U.S. Code. The term "wages" includes employer-funded wage replacement insurance benefits. U.S. Treasury Reg. 1.105-1(b); 31.3401(a)-1(b)(8). Ohio law also includes insurance benefits as income subject to withholding. R.C. 5747.01; and 5747.06. This is undisputed by the parties.
[2] Although the trial court found a discrepancy between the amounts withheld for taxes reported by GM and those claimed by Stephan and the commission, a discrepancy, if any, is irrelevant to the resolution of the issue on appeal. If there are computation errors, they are subject to the fact-finding process at the administrative level.
[3] Judge Sadler, the assigned trial judge, was elected to the court of appeals and left the trial bench effective midnight on July 30, 2003. She assumed her duties as an appellate judge on July 1, 2003 and the case was transferred to the docket of Judge Reece of that court. Subsequently, Judge Reece denied a motion for relief from judgment under Civ. R. 60(B).
[4] The original appeals were consolidated and were taken from the judgment granting the requested writ and from the denial of the motion for relief from judgment.
[5] Pursuant to R.C. 2731.02, the Supreme Court of Ohio, the Ohio Court of Appeals and the common pleas courts of this state have jurisdiction over actions in mandamus.
[6] Interestingly, the trial court relied on R.C. 4123.95 to interpret R.C. 4123.56 in favor of the employee. The trial court may have felt the statute was ambiguous, a prerequisite to interpretation through statutory construction. However, neither appellee considers R.C. 4123.56
ambiguous. (See brief of Stephan, at 12 and brief of the commission, at 2.) In any event, R.C. 4123.95 can require liberal construction of a statute only where the statute is ambiguous and requires construction. Where a statute is not ambiguous, no construction or interpretation is either necessary or proper. The law is simply applied to the facts.
[7] Appellees seem to suggest that although appellant followed federal and state tax laws and withheld taxes on the amounts paid under the nonoccupational insurance program, once the industrial claim was allowed, the monies lawfully withheld became appellants' burden; some form of penalty for not immediately certifying Stephan's industrial claim. That position finds no support in the relevant statutes. Indeed, any state statute that would so provide might well be of questionable validity when viewed in light of the mandatory requirements of controlling federal tax law. Moreover, the law intends a just and reasonable result. R.C. 1.47. Fining an employer for following the law is not a just and reasonable result, particularly where, as here, the "harm" to the employee is the de minimus burden of applying for a refund of the employee's taxes.