THE STATE, EX REL. BROWN, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL.

(No. 83AP-505—Decided
December 29, 1983.)

*Messrs. Cloppert, Portman & Sauter*
and *Mr. Frederic A. Portman,* for relator
Royse Brown.

*Mr. Anthony J. Celebrezze, Jr.,* at-
torney general, *Mr. Lee M. Smith* and *Mr.
William C. Becker,* for respondent In-
dustrial Commission of Ohio.

REILLY, J., This is a mandamus ac-
tion. Relator contends that the Industrial
Commission of Ohio grossly abused its
discretion in finding him not temporarily
totally disabled subsequent to December
28, 1981.

Relator, while in the course of and
arising out of his employment as a teacher
with the Columbus Board of Education in
Franklin County, Ohio, injured his back
while lifting cartons of books and sup-
plies. He filed a claim for workers' com-
pensation. This claim was allowed for
"acute lumbar strain," and relator was
awarded temporary total disability
benefits from June 17, 1978 to December
28, 1981.

Relator continued to receive tem-
porary total disability benefits based on
the reports of his attending physician, Dr.
John B. Roberts, and as a result of an
order by a district hearing officer, dated
May 6, 1981, ordering that temporary
total compensation continue to be paid.

Relator was examined by Dr. William
Reynolds on August 25, 1981, at the re-
quest of the commission. The purpose of
the examination was to determine
relator's extent of disability. Dr. Reynolds
found relator to have a temporary partial
disability "in the range of 40% on a sub-
jective basis." Thereafter, the district
hearing officer, on December 11, 1981,
determined the extent of relator's disabili-
ty at fifty percent temporary partial. This
was based on the reports of Dr. Roberts,
who found total disability, and Dr.
Reynolds, who found, as noted above, for-
ty percent medical disability. This order
was affirmed by the Regional Board of
Review and the commission.

The substance of relator's argument
is that the report of Dr. Reynolds cannot
constitute some evidence to support the
order, because it was dictated but not
read or signed. Since this report is not
probative of the extent of disability, he
argues, there is no evidence to support
the order.

It is well-settled that relator has the
burden of showing a clear legal right to a
writ of mandamus. *State, ex rel. Pressley,*
v. *Indus. Comm.* (1967), 11 Ohio St. 2d
141 [40 O.O.2d 141]. Such a clear legal
right exists when relator shows that the
commission abused its discretion by enter-
ing an order which is not supported by
any evidence in the record. *State, ex rel.
Hutton,* v. *Indus. Comm.* (1972), 29 Ohio
St. 2d 9 [58 O.O.2d 66]. Nonetheless,
when the record contains some evidence
to support the commission's finding,
there has been no abuse of discretion by
the commission, and mandamus will not
lie. *State, ex rel. G F Business Equip.,
Inc.,* v. *Indus. Comm.* (1981), 66 Ohio St.
2d 446 [20 O.O.3d 379].

This court is mindful of the heavy caseload and administrative responsibilities of the Industrial Commission. Nevertheless, it is reiterated that the unsigned report cannot be proper evidence. A critical issue must not depend upon an unsigned physician's report. The potential for inaccuracy is too great to depend upon such a statement. Respondent contends that such a report has no less validity than a doctor's deposition. A deposition, however, is taken under oath upon timely notice to all parties with cross-examination permitted of the witness. See Civ. R. 30. Such protections for accuracy afforded by Civ. R. 30 are not present in the physician's medical report at issue in this case.

Accordingly, a limited writ of mandamus is granted for a new hearing and redetermination based on the actual signed report of Dr. Reynolds in proper form.

*Limited writ of mandamus granted.*

WHITESIDE, P.J., and STRAUSBAUGH, J., concur.