THE STATE, EX REL. CHRYSLER CORPORATION, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as *State, ex rel. Chrysler Corp., v. Indus. Comm.* (1991), 62 Ohio St.3d 193.]

(No. 90–1256—Submitted September 10, 1991—Decided December 11, 1991.)

*Buckingham, Doolittle & Burroughs* and *George H. Rosin,* for appellee.

*Lee I. Fisher,* Attorney General, *Michael L. Squillace* and *Jetta Mencer,* for appellant.

---

*Per Curiam.* The commission challenges the appellate court's decision to return this cause to the commission for additional consideration of claimant's

entitlement to permanent total disability compensation and lump-sum payment. For the reasons to follow, we affirm the judgment below.

The commission's order granting permanent total disability compensation did not discuss claimant's retirement nor did it explain what nonmedical factors persuaded the commission to find claimant permanently and totally disabled. While the latter deficiency generally warrants a return to the commission for an amended order, in certain situations it does not. *State, ex rel. Galion Mfg. Div., Dresser Industries, Inc., v. Haygood* (1991), 60 Ohio St.3d 38, 573 N.E.2d 60, carved a limited exception to the general rule set forth in *State, ex rel. Noll, v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, in the case of a claimant whose award of permanent total disability compensation was supported by medical evidence of permanent total impairment. In *Haygood* we wrote:

" * * * While permanent total disability benefits may never be denied solely on the basis of medical evidence without consideration of *Stephenson* [*State, ex rel. Stephenson, v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946, nonmedical disability] factors contained in the record, there are some situations where an *award* of such benefits may properly be based on medical factors alone. It would serve no practical purpose for the commission to consider nonmedical factors in extreme situations where medical factors alone preclude sustained remunerative employment, since nonmedical factors will not render the claimant any more or less physically able to work." (Emphasis *sic.*) *Id.*, 60 Ohio St.3d at 40, 573 N.E.2d at 62.

In the present case, the commission based its finding of permanent total disability, in part, on Dr. De La Iglesia's report. His comprehensive narrative concluded that claimant was medically incapable of sustained remunerative employment due to the allowed conditions. *Haygood* thus controls, making an amended order pursuant to *Noll* unnecessary.

*Haygood*, however, does not negate the need to return this cause to the commission on other grounds. Claimant retired from Chrysler on December 31, 1982—two years before his initial application for permanent total disability compensation and nearly four and one-half years before his current one. We have not previously addressed the effect of retirement upon a claimant's eligibility for permanent total disability compensation, having limited earlier discussions to a retired claimant's eligibility for impaired earning capacity or temporary total disability compensation. Upon review, we find that the principles espoused with regard to the latter are equally applicable here.

"Temporary total disability" is the inability to return to the former position of employment due to industrial injury. *State, ex rel. Ramirez, v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586, syllabus. A

claimant who retires for reasons unrelated to his or her injury cannot receive temporary total disability compensation since it is the claimant's own action, not the industrial injury, that prevents a return to the former position of employment. *State, ex rel. Rockwell Internatl., v. Indus. Comm.* (1988), 40 Ohio St.3d 44, 531 N.E.2d 678.

"Permanent total disability," on the other hand, is the state of being unfit for sustained remunerative employment due to industrial injury. *State, ex rel. Jennings, v. Indus. Comm.* (1982), 1 Ohio St.3d 101, 1 OBR 135, 438 N.E.2d 420. "Sustained remunerative employment" necessarily encompasses "former position of employment." It would therefore be inconsistent to state that retirement would not prevent an award of permanent total disability benefits but would preclude temporary total disability compensation, particularly when the criterion for temporary total disability is much less demanding than that of permanent total disability. Accordingly, the principles set forth in *Rockwell* control.

In the case before us, the absence of reference to claimant's retirement in the commission's award of permanent total disability compensation suggests that the commission did not address the voluntariness of his departure. We thus affirm the appellate court's decision directing the commission to vacate its order awarding permanent total disability compensation and to conduct further proceedings on claimant's entitlement to permanent total disability compensation.

The commission's lump-sum payment order merits similar treatment. R.C. 4123.64(A) provides:

"The industrial commission, under special circumstances, and when the same is deemed advisable for the purpose of rendering the injured or disabled workman financial relief or for the purpose of furthering his rehabilitation, may commute payments of compensation or benefits to one or more lump sum payments."

Fees charged by a claimant's attorney for services rendered in securing workers' compensation benefits may also be commuted to lump-sum payment. R.C. 4123.06. The court below found that the commission abused its discretion by ordering Chrysler, without prior notice of a hearing, to advance attorney fees to claimant. We agree.

Neither R.C. 4123.64(A) nor 4123.06 expressly mandates a hearing on lump-sum payment applications. However, Ohio Adm.Code 4121–3–10(B)(2)(a) reads:

"An application from a claimant for such purpose is to be accompanied by a certificate, executed by the attorney, listing in detail the services rendered, all

fees received prior to the filing of the application for services in obtaining the award under which the advancement to pay the fee is requested * * *. A copy of the certificate is to be furnished to the claimant by the commission or a staff hearing officer *prior to the hearing on the application.*" (Emphasis added.)

The emphasized language implies that a hearing is contemplated, despite the lack of an express directive. We thus find that the commission abused its discretion in making a lump-sum advancement of attorney fees without notice of a hearing to Chrysler.

For the reasons set forth above, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and RESNICK, JJ., concur.

H. BROWN, J., not participating.