THE STATE, EX REL. CONSOLIDATION COAL COMPANY, APPELLANT, *v.* YANCE ET AL., APPELLEES.

[Cite as *State, ex rel. Consolidation Coal Co., v. Yance* (1992), 63 Ohio St.3d 460.]

(No. 90–2347—Submitted January 14, 1992—Decided April 15, 1992.)

*Hanlon, Duff & Paleudis Co., L.P.A.,* and *John G. Paleudis,* for appellant.

*Paul A. Pachuta,* for appellee Frank Yance.

*Lee I. Fisher,* Attorney General, and *Dennis L. Hufstader,* for appellee Industrial Commission.

---

*Per Curiam.* Two questions are presented: Should the cause be returned to the commission for: (1) consideration of the effect of claimant's retirement? and (2) additional explanation pursuant to *State, ex rel. Noll, v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245? For the reasons to follow, the cause is returned for further consideration.

*State, ex rel. Chrysler Corp., v. Indus. Comm.* (1991), 62 Ohio St.3d 193, 580 N.E.2d 1082, recently declared that voluntary retirement precludes receipt of permanent total disability benefits. In this case, the circumstances precipitating claimant's retirement are particularly relevant since claimant retired before even alleging that he had an occupational disease. If claimant volun-

tarily removed himself from the workplace for reasons unrelated to his industrial condition, he is ineligible for permanent total disability, even if his condition later deteriorates to the point where claimant would be medically unable to work. While a commission district hearing officer once found that claimant's retirement was involuntary, appellant appealed that decision. The commission, however, never acted on that appeal and the issue was never conclusively resolved.

Appellant correctly states that the commission's boilerplate explanation does not satisfy *Noll*. A *Noll* remand, however, is presently unnecessary under our decision in *State, ex rel. Galion Mfg. Div., Dresser Industries, Inc., v. Haygood* (1991), 60 Ohio St.3d 38, 573 N.E.2d 60. *Haygood* held that medical evidence of permanent total impairment, without more, could support a permanent total disability award, negating a need for remand where *Noll* had been violated. In the present case, Dr. Bernal, on whom the commission specifically relied, stated that claimant was "100% disabled as results [*sic*] of coal workers' pneumoconiosis." Dr. Bernal's report renders harmless the commission's failure to elaborate on the combination of medical and nonmedical factors relevant to its decision.

The judgment of the court of appeals is reversed in part and a limited writ is issued returning the cause to the commission for further inquiry into the nature of claimant's retirement.

*Judgment accordingly.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

RESNICK, J., concurs in part and dissents in part.

ALICE ROBIE RESNICK, J., concurring in part and dissenting in part. I would affirm the court of appeals in its entirety. There is no need to issue a limited writ for purposes of an inquiry into the nature of claimant's retirement.