COSNER, Appellant,

v.

BABCOCK & WILCOX COMPANY et al., Appellees.

[Cite as *Cosner v. Babcock & Wilcox Co.* (1993), 92 Ohio App.3d 603.]

Court of Appeals of Ohio,
Summit County.

No. 16318.

Decided Dec. 29, 1993.

*Robert E. Sweeney Co., L.P.A.,* and *David P. Pavlik,* for appellant.

*Jerome C. Webbs,* for appellee Babcock & Wilcox Co.

*Lee Fisher,* Attorney General, for appellees Administrator, Bureau of Workers' Compensation, and Industrial Commission of Ohio.

BAIRD, Judge.

This cause comes before the court upon the appeal of James P. Cosner from the judgment of the Summit County Court of Common Pleas granting summary judgment to the appellees, Babcock & Wilcox Company ("Babcock") and the Administrator of the Bureau of Workers' Compensation and Industrial Commission of Ohio. We affirm.

Cosner worked at a Babcock facility from 1941 until his retirement in 1982. Although he had regular contact with asbestos dust throughout his employment with Babcock, he retired because of an unrelated heart condition. In 1988, Cosner was diagnosed as having lung disease for which he filed a complaint in tort against Babcock and others, alleging negligence, strict liability, and asbestosis.

On April 4, 1990, he was diagnosed as having asbestosis and his treating physician stated in a medical report dated October 16, 1990 that this disease had created a moderate degree of functional disability. On February 26, 1991, he filed a workers' compensation claim that was disallowed at every administrative level.

Pursuant to R.C. 4123.519, Cosner filed a complaint in the Summit County Court of Common Pleas challenging the Industrial Commission's order. The court below granted the appellees a summary judgment based on its finding that Cosner became disabled by his disease no later than 1988, as alleged in his tort complaint, and was therefore barred from participation in the Workers' Compensation Fund by R.C. 4123.85. Cosner appeals, asserting two assignments of error.

## Assignments of Error

"1. The Court of Common Pleas erred in applying only Ohio Revised Code Section 4123.85 in a summary judgement motion dealing with the statute of limitations for an Ohio Workers' Compensation claim dealing with the occupation[al] disease of asbestosis."

"2. The Court of Common Pleas erred in granting summary judgment against Plaintiff–Appellant by finding that Plaintiff was disabled in June of 1988. Genuine issues of material fact existed and reasonable minds could differ as to whether or not Plaintiff–Appellant was disabled."

Pursuant to Civ.R. 56(C), summary judgment is proper where (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion and, viewing the evidence most strongly in favor of the party against whom the motion for summary judgment is

made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 273–274. In addition, *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 551 N.E.2d 172, mandates that a judgment of a trial court be affirmed if any valid grounds are found on review to support it. *Id.* at 96, 551 N.E.2d at 174–175. Therefore, this court will affirm a summary judgment where there is reason to grant it, whether or not it agrees with the trial court's rationale.

While the court of common pleas may have decided correctly based on the statute of limitations in R.C. 4123.85, this court need not reach that issue. Instead, this decision affirms the summary judgment granted below because disability compensation was not available to Cosner after he voluntarily retired.

As Cosner points out, asbestosis is a specially restricted disease within the framework of the Workers' Compensation Act. Under R.C. 4123.68(Y), " * * * [c]ompensation on account of * * * asbestosis * * * [is] payable only in the event of temporary total disability, permanent total disability, or death * * *." Since this case is about a living person, benefits are only available if the claimant is totally disabled and entitled to benefits under R.C. 4123.56 or 4123.58.

■ The purpose of total disability benefits is to compensate injured workers for lost wages (in the case of temporary total disability benefits) or for loss of earning capacity (in the case of permanent total disability benefits). See *State ex rel. Nye v. Indus. Comm.* (1986), 22 Ohio St.3d 75, 77, 22 OBR 91, 92–93, 488 N.E.2d 867, 869–870; *State ex rel. Bunch v. Indus. Comm.* (1980), 62 Ohio St.2d 423, 427, 16 O.O.3d 449, 451, 406 N.E.2d 815, 817–818. A claimant cannot get temporary total disability compensation if he or she voluntarily retired. *State ex rel. Smith v. Indus. Comm.* (1990), 50 Ohio St.3d 45, 46, 553 N.E.2d 247, 248–249. Nor is permanent total disability compensation available under those circumstances. *State ex rel. Consolidation Coal Co. v. Yance* (1992), 63 Ohio St.3d 460, 462, 588 N.E.2d 845, 847; *State ex rel. Chrysler Corp. v. Indus. Comm.* (1991), 62 Ohio St.3d 193, 195–196, 580 N.E.2d 1082, 1084–1085.

■ There is evidence in the record that Cosner retired in 1982 for reasons not having to do with his exposure to asbestos. Since he failed to carry his burden of presenting evidence controverting that fact, there was no triable issue before the court. *Johnson v. Akron Mgt. Corp.* (May 30, 1990), Summit App. No. 14320, unreported, at 6, 1990 WL 73668. Because Cosner voluntarily retired, he is ineligible to participate in the Workers' Compensation Fund, and the summary judgment is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and REECE, J., concur.