THE STATE EX REL. LTV STEEL COMPANY, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO; GRECU, APPELLANT.

[Cite as *State ex rel. LTV Steel Co. v. Indus. Comm.* (1999), 85 Ohio St.3d 75.]

(No. 97–208—Submitted July 15, 1998—Decided March 24, 1999.)

76

*Willacy, LoPresti & Marcovy, Aubrey B. Willacy* and *M. Scott Young,* for appellee.

*Lonas & McGonegal* and *Terrance J. McGonegal,* for appellant.

PFEIFER, J. Because the reports filed by Dr. Kang should have been considered signed, the court of appeals erred below. Dr. Kang's reports could constitute some evidence upon which the commission could base its order. However, we agree with the magistrate below that the cause should be returned to the commission to determine the voluntariness of claimant's retirement.

The appellate court based its decision on several cases that dealt with reports that were completely unsigned. In *State ex rel. Brown v. Indus. Comm.* (1983), 13 Ohio App.3d 178, 179, 13 OBR 213, 214, 468 N.E.2d 777, 778, the report at issue was dictated "but not read or signed." The court held that an unsigned report could not be proper evidence, stating that "[t]he potential for inaccuracy is too great to depend upon such a statement." 13 Ohio App.3d at 179, 13 OBR at 214, 468 N.E.2d at 778.

In *State ex rel. Smith v. Indus. Comm.* (1986), 26 Ohio St.3d 128, 129, 26 OBR 110, 110–111, 498 N.E.2d 447, 447–448, a workers' compensation case, this court refused to consider as evidence a report that was inscribed "DICTATED BUT NOT READ."

In *State ex rel. Case v. Indus. Comm.* (1986), 28 Ohio St.3d 383, 387, 28 OBR 442, 445, 504 N.E.2d 30, 35, this court stated that "[i]t is well-settled that an unsigned medical report is not reliable evidence upon which the commission can base its determination as to extent of disability."

The significant difference in this case is that the reports of Dr. Kang are, in fact, signed. The signatures were not made by Dr. Kang's own hand, but they were done at his direction. Under Ohio statutes governing commercial paper (which mirror the Uniform Commercial Code), a signature need not be made by the hand of the signer:

"A signature may be made manually or by means of a device or machine and by the use of any name, including a trade or assumed name, or by a word, mark, or symbol executed or adopted by a person with present intention to authenticate a writing." R.C. 1303.41(B).

Pursuant to R.C. 1301.01(MM), " 'signed' includes any symbol executed or adopted by a party with present intention to authenticate a writing."

Ohio statutory law on wills, too, does not require a testator's signature to be his own. Pursuant to R.C. 2107.03, the signature of a testator on a will may be made by another person in the testator's presence at the testator's direction.

We see no reason to hold a doctor's report in a workers' compensation case to a higher standard than a piece of commercial paper or a will. We find that a signature-stamped report constitutes a signed report that may be relied upon by the Industrial Commission in deciding whether to award compensation.

We believe that the appellate court overstated the potential problems of signature-stamped reports when it wrote that "[a signature stamp] allows the author to repudiate the report as having been stamped and mailed without his or her approval." In this case, the stamp "Signed in my absence to avoid delay in mailing" indicates that Dr. Kang knew about the signature affixed to the report and intended for it to authenticate the report. A signature stamp provides indicia of legitimacy that an unsigned report lacks. Also, truly falsified reports would likely bear more damning evidence of unreliability than the mere unauthorized use of a signature stamp. For instance, a lack of consistency with other reports filed by the same doctor, a dramatic worsening of a condition, or the sudden appearance of a new condition would be telling. Also, in the end, each report is subject to repudiation by an opposing party's doctor's report.

Relator did not question the authenticity of the reports at the hearing officer level or in its appeal to the Industrial Commission. To now allow relator to prevail on this issue would be honoring form over substance. This is especially the case where the procedural posture of the matter leaves the respondent unable to defend the integrity of the document. For instance, in this case, after the record closed, Dr. Kang wrote in a January 16, 1997 letter to claimant's counsel that "the letters you received from this office under my name on behalf of Mr. Grecu are letters that have been sent under my direction and responsibility and, even though the signature was stamped, it is authentic under my authorization."

We find that the three reports filed before the commission's 1992 order denying compensation could in fact have been properly relied upon in awarding claimant's claim.

However, we agree with the magistrate that the commission abused its discretion in not addressing the question of whether claimant's 1991 retirement was voluntary. As this court stated in *State ex rel. Baker Material Handling, Inc. v. Indus. Comm.* (1994), 69 Ohio St.3d 202, 215, 631 N.E.2d 138, 148–149:

"Where an employee retires prior to becoming permanently and totally disabled, such employee is precluded from eligibility for PTD compensation only when the retirement is voluntary and constitutes an abandonment of the entire job market."

Since claimant's retirement predates by nearly two years the date the commission set as the inception of his disability period, the voluntariness of his retirement is a very germane question. There is evidence in the record that suggests claimant's retirement was voluntary. As this court did in *State ex rel. Chrysler Corp. v. Indus. Comm.* (1991), 62 Ohio St.3d 193, 580 N.E.2d 1082, and *State ex rel. Consolidation Coal Co. v. Yance* (1992), 63 Ohio St.3d 460, 588 N.E.2d 845, we return this cause to the commission for further inquiry into the nature of the claimant's retirement. We accordingly reverse the judgment of the court of appeals and return the cause to the commission.

*Judgment reversed*
*and cause returned.*

MOYER, C.J., RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.
DOUGLAS, J., concurs in judgment only.