{¶ 19} Again, I concur in judgment only as I must defer to the precedent established in In re Borntreger (Nov. 22, 2002), 11th Dist. No. 2001-G-2379, 2002-Ohio-6468, 2002 Ohio App. LEXIS 6233, on the issue of jurisdiction. That, of course, does not prevent me from, again, trying to persuade the present majority that Borntreger is bad law on this point.
 {¶ 20} Before I begin that explanation, I confess to confusion as to how the "pre-disposition" designation differs from the temporary adjudication referred to in In re Murray (1990), 52 Ohio St.3d 155. I am unfamiliar with any authority that allows form to control over substance. To the contrary, there is an abundance of authority that says exactly the opposite. State ex rel. Cleveland Steel Erectors Corp. v.Stewart (1999), 86 Ohio St.3d 578, 581 (observing that "[w]e see no reason to elevate form over substance by now returning this to the court of appeals to again reject these arguments."); State ex rel. LTV SteelCo. v. Indus. Comm. (1999), 85 Ohio St.3d 75, 82 (holding that "[t]o now allow relator to prevail on this issue would be honoring form over substance.").
 {¶ 21} Accordingly, I would respectfully suggest that the substance of Murray is squarely on point with the issue of whether a temporary disposition is a final order in that "the designation of the custody award as `temporary' is not controlling." Id. at 157. In other words, "the question of whether an order is final and appealable turns on the effect which the order has on the pending action rather than the name attached to it, or its general nature." Id.
 {¶ 22} As to App.R. 4(B)(5), I would note that it only has application to partial final judgments rendered in special proceedings. Pursuant to Murray, a juvenile adjudication and a temporary disposition do not involve a special proceeding. Id. at 157-159.
 {¶ 23} The history of App.R. 4(B)(5) is relevant to its application here. This portion of the rule was added in 1992 as a result of certain problems created by Amato v. Gen. Motors Corp. (1981),67 Ohio St.2d 253. Therein, the Supreme Court of Ohio created a new test for determining what constituted a special proceeding. That test involved the weighing of various factors. As a result, it became difficult for trial attorneys to determine whether a reviewing court would conclude that a particular decision was immediately appealable.
 {¶ 24} This caused a considerable dilemma for trial attorneys. If they decided to wait until the end of an entire case to appeal a particular partial final judgment, they ran the risk that the judgment should have been appealed immediately. If that proved to be the case, they would no longer be able to bring a timely appeal of that judgment at the conclusion of the case.
 {¶ 25} App.R. 4(B)(5) was intended to resolve the dilemma created byAmato by giving trial attorneys the option of appealing a partial final judgment, either in the middle of the case or at the end of the case.
 {¶ 26} At the time of the enactment of App.R. 4(B)(5), there were only two types of partial final judgments under Ohio law: (1) a Civ.R. 54(B) judgment; and (2) a judgment made in a special proceeding. The rule itself specifically noted that App.R. 4(B)(5) was only applicable to partial final judgments that did not contain a finding of "no just cause" under Civ.R. 54(B). Thus, App.R. 4(B)(5) was intended to apply only to judgments made in a special proceeding. Grabill v. WorthingtonIndustries, Inc. (1993), 91 Ohio App.3d 469, 473.
 {¶ 27} The Supreme Court ultimately overturned Amato in Polikoffv. Adam (1993), 67 Ohio St.3d 100, and refined the definition of a special proceeding. That refinement is irrelevant to the issue before us as the Supreme Court's pronouncement in Murray is still good law. A juvenile adjudication and a temporary disposition do not involve a special proceeding for purposes of determining a final appealable order, partial or otherwise. Murray at 157-159.
 {¶ 28} If a partial final judgment occurs as a result of the inclusion of Civ.R. 54 language, then App.R. 4(B)(5) is inapplicable. The partial judgment has to be appealed immediately or the right to appeal is lost.