[Cite as *Jascar Ents., L.L.C. v. Body by Jake Ents., L.L.C.*, 2015-Ohio-3281.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | | |
|---|---|---|
| JASCAR ENTERPRISES, LLC | | C.A. No. 14AP0006 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| BODY BY JAKE ENTERPRISES, LLC, et al. | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellees | | CASE No. 10-CV-0790 |

DECISION AND JOURNAL ENTRY

Dated: August 17, 2015

HENSAL, Presiding Judge.

**{¶1}** Jascar Enterprises, LLC appeals a judgment of the Wayne County Court of Common Pleas that granted summary judgment to Body by Jake Enterprises, LLC, Body by Jake Global, LLC, BodybyJake.com, Inc., Body by Jake Enterprises, Inc., and Body by Jake, Inc. (collectively "Body by Jake") on its defamation, deceptive trade practices, false advertising, intentional interference with contract, negligence, and interference with a prospective economic advantage claims. For the following reasons, this Court affirms in part and reverses in part.

I.

**{¶2}** Jascar is a single-member limited liability company operated by Jason Carrick. It resells goods that it buys in lots from a wholesale distributor, GENCO, which obtains the items from several retailers, including Sears. The items are a mix of overstocks, customer returns, open boxes, and floor models. According to Mr. Carrick, although he can specify the categories of goods that he buys from GENCO, he does not know what items a lot will contain until he

receives it. The lots sometimes contain exercise equipment, including Body by Jake's Tower 200 Full-Body Exercise Gym. Jascar sells some of the items it acquires from GENCO through a retail store and others online through eBay.

{¶3} Body by Jake designs and manufacturers exercise equipment, which it sells through its authorized retailers, Sears and Kmart. Concerned about counterfeit products and other violations of its intellectual property rights, Darcy Dominguez, Body by Jake's former vice-president of direct response, began monitoring eBay and other websites on a daily basis. She also registered Body by Jake in eBay's verified rights owner ("VeRO") program, which allows manufacturers to report suspected intellectual property right infringements to eBay through a "Notice of Claimed Infringement."

{¶4} According to Ms. Dominguez, in March 2010, she noticed that Jascar, using the name Wesaveyou$, had created a few listings on eBay for "brand new" Tower 200 models. Knowing that none of Body by Jake's authorized retailers was allowed to sell Tower 200 models online, she reported the listings to eBay through the VeRO program. In her infringement notice, Ms. Dominguez declared that she had a good faith belief that Jascar had unlawfully copied Body by Jake's copyrighted text and images. After reviewing the listings, however, eBay responded that it did not think that she had reported an intellectual property infringement.

{¶5} Dissatisfied with eBay's response, Ms. Dominguez replied to the message eBay sent her, claiming that Jascar had "scammed the system[.]" According to Ms. Dominguez, while Jascar had previously listed "dozens" of items as new, after she submitted her infringement notice, it had changed its description of the items to used. She assumed that eBay had gotten in touch with Jascar, which prompted Jascar to alter its listings. She accused Jascar of scamming the system because "[c]learly no one would have this many used Tower 200 units."

{¶6}    eBay replied to Ms. Dominguez's email, explaining that it would not disclose actions it had taken regarding a user and that, if she thought a listing infringed Body by Jake's intellectual property rights, she should submit a Notice of Claimed Infringement.  eBay also explained how she could check a seller's feedback profile.  In response, Ms. Dominguez wrote:

> Their feedback profile has nothing to do with the illegal activities they are committing against our company.
>
> Of course the feedback will be positive from the person buying it, they are buying counterfeit product at a cheaper price so of course the buyer will feel good about the transaction.
>
> This whole process needs a severe overhaul, I know our brand is only one of thousands of brands who are battling this same issue.

The record does not indicate whether eBay responded to Ms. Dominguez's email.  A week later, however, eBay notified Jascar that it was removing four of its listings because they had been reported as "fake or counterfeit through eBay's VeRO Program."  eBay gave Jascar Ms. Dominguez's contact information and encouraged it to contact her if it had any questions.  eBay also informed anyone who had bid-on or won the items that the listings had been cancelled.

{¶7}    After receiving eBay's removal notice, Mr. Carrick wrote Ms. Dominguez, claiming that the items Jascar had attempted to sell were not counterfeit and that it had purchased them from Sears.  When Ms. Dominguez requested proof, Mr. Carrick sent her a heavily redacted purchase agreement, which indicated that the supplier of the items was "Sears National Accounting Center."  Mr. Carrick did not disclose Jascar's relationship with GENCO to Ms. Dominguez because he believed that he was prohibited from revealing it under a confidentiality agreement.  Ms. Dominguez reviewed the purchase agreement but found it inadequate.  Not only was it heavily redacted, it was from March 25, 2010, which was two weeks after Jascar had listed the items on eBay.  She explained in an email to Mr. Carrick that she had contacted Sears, and

that it had no record of selling items to Jascar. When Body by Jake refused to retract its complaint, eBay sanctioned Jascar by removing Jascar from its platinum power seller program for one year. Jascar subsequently sued Body by Jake for defamation, deceptive trade practices, false advertising, intentional interference with contract, negligence, and interference with a prospective economic advantage, alleging that its eBay sales had declined as a result of Body by Jake's statements.

{¶8} Body by Jake filed a counterclaim against Jascar, which it later dismissed. Following discovery, both sides moved for summary judgment on Jascar's claims. The trial court granted summary judgment to Body by Jake. It determined that Jascar's defamation claim failed because the statements Ms. Dominguez made in her March 12, 2010, infringement notice were privileged and Jascar had not presented any evidence that she made them with actual malice. It determined that Jascar's deceptive trade practices claim failed because Ms. Dominguez's statements were protected opinions. It determined that Jascar's false advertising claim failed because Ms. Dominguez did not make any of her statements to eBay customers. Finally, it determined that Jascar's negligence claim failed because Ms. Dominguez did not owe Jascar a duty. Jascar has appealed the trial court's ruling, assigning five errors. This Court will address some of the assignments of error together for ease of consideration.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRONEOUSLY GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE IT FAILED TO RENDER JUDGMENT ON ALL OF THE CLAIMS IN THE FIRST AMENDED COMPLAINT.

{¶9} Jascar argues that the trial court erred because it rendered judgment on only four of Jascar's six claims. Specifically, Jascar argues that the court failed to rule on its intentional interference with a contract or its interference with a prospective economic advantage claims.

{¶10} Although the trial court only included its reason for denying four of Jascar's claims in its judgment entry, it disposed of all of Jascar's claims in the entry, writing that Body by Jake is "entitled to summary judgment on all of [Jascar's] claims." The trial court was not required to explain its reason for denying each claim. Civ.R. 52 ("Findings of fact and conclusions of law * * * are unnecessary upon all other motions including those pursuant to * * * [Rule] 56."); *Copeland v. Rosario*, 9th Dist. Summit No. 18452, 1998 WL 46768, *3 (Jan. 28, 1998). Accordingly, Jascar's first assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT RENDERED JUDGMENT ON THE DEFAMATION AND VIOLATION OF THE OHIO DECEPTIVE TRADE PRACTICES ACT CLAIMS BASED ON A MISUNDERSTANDING OF THE EVIDENCE.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN FINDING THAT A QUALIFIED PRIVILEGE DEFENSE WAS ESTABLISHED AS A MATTER OF LAW.

{¶11} Jascar argues that the trial court focused on the wrong statements when the court analyzed the merits of its defamation and deceptive-trade-practices claims. It argues that its claims were not based on the statements Ms. Dominguez made in her initial Notice of Claimed Infringement, but on the email exchange she had with eBay after eBay rejected her complaint. The trial court, however, only considered the statements Ms. Dominguez made in her initial notice when it considered whether summary judgment was appropriate. Jascar also argues that the trial court incorrectly concluded that Body by Jake established the defense of qualified privilege as a matter of law.

**{¶12}** Summary judgment is appropriate under Civil Rule 56(C) if:

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

**{¶13}** The trial court granted summary judgment to Body by Jake on Jascar's defamation claim because it determined that Body by Jake had established all of the elements for qualified privilege. The Ohio Supreme Court has explained that, if a plaintiff has made out a prima facie case of defamation, the defendant may invoke the defense of qualified privilege. *Hahn v. Kotten*, 43 Ohio St.2d 237, 243 (1975). The elements of a qualified privilege are "good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only." *Id.* at 244, quoting 50 American Jurisprudence 2d, Libel and Slander, Section 195, at 698.

**{¶14}** Jascar's qualified-privilege argument focuses on the trial court's determination that Ms. Dominguez had a good faith basis for her statements. In its decision, the court noted that, when Ms. Dominguez submitted her Notice of Claimed Infringement to eBay on March 12, 2010, she attested that her allegations were in good faith. In the notice, Ms. Dominguez

indicated that she believed Jascar's auction listings violated Body by Jake's intellectual property rights for reasons "4.1 & 4.2." Under the terms of the VeRO program, reason 4.1 is "[l]isting(s) uses unlawful copy of copyrighted text." Reason 4.2 is "[l]isting(s) uses unlawful copy of copyrighted image." Ms. Dominguez did not include reason 1.1 in her notice, which is for "[i]tem(s) is a counterfeit product which infringes the trademark owner's rights." It was not until a subsequent email to eBay that Ms. Dominguez first alleged that Jascar listed a "counterfeit" product.

{¶15} The removal notice that eBay sent Jascar indicated that Jascar's items were removed because:

> [T]he rights owner reported the following information:
>
> Another listing for the same seller, who is selling counterfeit Tower 200 units. It's against the law to sell fake, counterfeit, or pirated products.
>
> Your listing was removed because the item in your listing was reported by the rights owner as a fake or counterfeit through eBay's VeRO Program.

When Jascar objected to eBay about the removal, eBay responded that "[y]our listings were removed through the VeRO Program because of a Notice of Claimed Infringement that eBay received from Body by Jake Global LLC [alleging] that items offered in your listings are a counterfeit or unauthorized replica of their product."

{¶16} The "[a]nother listing for the same seller" statement that eBay included in its removal notice appears to be a direct quote from Body by Jake. That statement, however, does not appear in Ms. Dominguez's March 12, 2010, infringement notice or in the emails she exchanged with eBay after eBay rejected it. The record does contain a copy of an email that eBay sent Ms. Dominguez on March 19, 2010, which suggests that Ms. Dominguez may have filed a second Notice of Claimed Infringement regarding Jascar's listings. The email, however,

does not indicate when Ms. Dominguez submitted the second notice, the reasons that she gave for submitting it, or whether Ms. Dominguez had a good faith basis for her allegations. Regardless, because the trial court's qualified privilege analysis only considered Body by Jake's March 12, 2010, infringement notice, which did not allege counterfeiting or form the basis of Jascar's defamation claim, we conclude that the trial court incorrectly granted summary judgment to Body by Jake on the defamation claim.

{¶17} Regarding Jascar's deceptive-trade-practices claim under Revised Code 4165.02, the trial court determined that Body by Jake was entitled to summary judgment because Jascar's claim required a "false representation of fact" and Ms. Dominguez only attested that she had a "belief" that Jascar's auction listings were unauthorized. Because the court again limited its analysis to the allegations Ms. Dominguez made in her March 12, 2010, infringement notice, and did not address the "counterfeit" allegations she made later, we conclude that it erred when it determined that, as a matter of law, all of Ms. Dominguez's "statements were protected opinion and not in violation of the Ohio Deceptive Trade Act." Jascar's third and fourth assignments of error are sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT IMPROPERLY MADE FINDINGS OF FACT WHERE THERE WERE GENUINE ISSUES OF MATERIAL FACT.

{¶18} Jascar argues that the trial court incorrectly made findings of fact when it determined that Body by Jake was entitled to summary judgment. According to Jascar, the trial court incorrectly found that it failed to provide Body by Jake with "sufficient evidence" that the Tower 200 models it had listed on eBay were legitimate. The trial court, however, did not make such a finding in its decision. Instead, it wrote that the allegation of insufficient evidence was "according to BBJ[.]" Jascar also argues that the court incorrectly found that Ms. Dominguez

properly followed the VeRO program's procedures. The court wrote that, "[i]n attempting to prevent counterfeit products from being sold on eBay, Dominguez followed the proper procedure and published her allegations only to eBay." Although Jascar notes that Ms. Dominguez sent follow-up emails to eBay after her Notice of Claimed Infringement was rejected, he has not pointed out any flaws in the procedure she followed or disputed that she communicated solely with eBay employees. Accordingly, he has not demonstrated that there is a material question of fact on those issues.

{¶19} Jascar also argues that the trial court incorrectly found that Sears agreed not to sell Body by Jake's returned or unsold products to third-parties. What the trial court actually wrote was that Body by Jake had agreements "with Kmart and Sears that both retailers would not resell customer returns * * * and would instead ship all customer returns back to [its] warehouses." The court's statement of the facts is partially supported Ms. Dominguez's testimony that she learned from Body by Jake's distributor that Sears would ship customer returns back to the distributor. Moreover, this issue does not appear to involve a material fact because Mr. Carrick admitted that "customer returns" was only one type of item that would be included in the lots Jascar purchased from GENCO. Accordingly, even if Sears sent customer-returned models back to Body by Jake, that does not mean that it was prohibited from selling overstocked or floor-model Tower 200s to GENCO. Any error by the trial court with respect to this statement, therefore, was harmless. Civ.R. 61.

{¶20} Finally, Jascar argues that the trial court incorrectly "found that the purchase order from GENCO was actually from Sears." In its entry, the court wrote that, "[i]nstead of getting permission to disclose that GENCO supplied Jascar inventory, Jascar produced a heavily redacted purchase order from Sears." Because Sears is the only company whose identity is

visible on the heavily redacted version of the purchase order and it is not disputed that Jascar sent the purchase order to Body by Jake to prove that it had acquired its Tower 200 models from Sears, we cannot say that the trial court's description of the purchase order was inaccurate. Jascar's second assignment of error is overruled.

ASSIGNMENT OF ERROR V

THE TRIAL COURT RENDERED JUDGMENT ON THE LANHAM ACT FALSE ADVERTISING CLAIM BASED ON A MISUNDERSTANDING OF THE EVIDENCE.

{¶21} In its fifth assignment of error, Jascar argues that the trial court incorrectly determined that, because Ms. Dominguez made her allegations only to eBay, it could not establish that its statements resulted in consumer confusion under the Lanham Act, 15 U.S.C. 1125(a)(1)(A). According to Jascar, because Ms. Dominguez's statements caused eBay to notify anyone who had bid on the items that the listings were removed because Jascar was selling fraudulent items, the statements are actionable under the Lanham Act.

{¶22} The Lanham Act prohibits "any person" from using any "false or misleading representation of fact, which * * * is likely to cause confusion, or to cause mistake, or to deceive * * * as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person * * *." 15 U.S.C. 1125(a)(1)(A). The purpose of the Act is:

> [T]o regulate commerce * * * by making actionable the deceptive and misleading use of marks in such commerce; to protect registered marks used in such commerce from interference by State * * * legislation; to protect persons engaged in such commerce against unfair competition; to prevent fraud and deception in such commerce by the use of reproductions, copies, counterfeits, or colorable imitations of registered marks; and to provide rights and remedies stipulated by treaties and conventions respecting trademarks, trade names, and unfair competition entered into between the United States and foreign nations.

15 U.S.C. 1127; *Lexmark Internatl., Inc. v. Static Control Components, Inc.*, __ U.S. __, 134 S.Ct. 1377, 1389 (2014).

**{¶23}** As Body by Jake has noted, under its plain language, Section 1125(a)(1)(A) prohibits a person from making a false or misleading description of fact about "his or her" own goods. In this case, Jascar has not alleged that Body by Jake made a false representation about its own products but a false representation about Jascar's products. Such statements are not prohibited under Section 1125(a)(1)(A). Although this was not the basis of the trial court's denial of Jascar's claims, "this court will affirm a summary judgment where there is reason to grant it, whether or not it agrees with the trial court's rationale." *Cosner v. Babcock & Wilcox Co.*, 92 Ohio App.3d 603, 605 (9th Dist.1993). Jascar's fifth assignment of error is overruled.

III.

**{¶24}** The trial court erred when it granted summary judgment to Body by Jake on Jascar's defamation and deceptive-trade-practices claims. The judgment of the Wayne County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.


_____
JENNIFER HENSAL
FOR THE COURT


WHITMORE, J.
CONCURS.

CARR, J.
CONCURRING IN PART, AND DISSENTING IN PART.

**{¶25}** I concur in the majority's opinion to reverse the trial court's granting of summary judgment to Body by Jake on Jascar's claims alleging defamation and deceptive trade practices. I agree that the matter must be remanded as to those claims. However, because I believe that all six claims must be remanded to the trial court for further proceedings, I dissent from the majority's affirmance in part of the trial court's judgment.

**{¶26}** As an initial matter, I would address the jurisdictional argument implicit in Jascar's first assignment of error. *See Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). Jascar argues that this Court must reverse the trial court because it only rendered summary judgment on four of the six claims.

**{¶27}** This Court only has jurisdiction to hear appeals from judgments and final orders. Ohio Constitution, Article IV, Section 3(B)(2). "For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied." *LEH Properties, Inc. v. Pheasant Run Assn.*, 9th Dist. Lorain No. 07CA009275, 2008-Ohio-4500, ¶

10, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88 (1989). Where a case involves multiple claims or multiple parties, Civ.R. 54(B) allows a trial court to issue a final judgment that can immediately be appealed "only upon an express determination that there is no just reason for delay."

{¶28} In this case, the trial court did not make an express determination that there was no just reason for delay. Nevertheless, although the trial court engaged in an analysis of only four of Jascar's six claims, it expressly granted summary judgment to Body by Jake "on all of [Jascar's] claims." Accordingly, I would conclude that the trial court issued a final, appealable order conveying jurisdiction on this Court to consider the merits of Jascar's appeal.

{¶29} I dissent from the majority's resolution of the first assignment of error, however. I do not agree that Civ.R. 52 and *Copeland v. Rosario*, 9th Dist. Summit No. 18452, 1998 WL 46768, *3 (Jan. 28, 1998) provide the authority relieving the trial court of any obligation to provide an analytical basis for its summary judgment.

{¶30} First, while Civ.R. 52 provides that a trial court need not make findings of fact and conclusions of law when ruling on motions for summary judgment pursuant to Civ.R. 56, it is well established that the trial court is otherwise precluded from making findings of fact upon such motions, as such findings necessarily implicate weighing evidence and assessing credibility. It is well settled that the trial court is not permitted to resolve evidentiary disputes or issues of credibility when ruling on a motion for summary judgment. *Stewart v. Urig*, 176 Ohio App.3d 658, 2008-Ohio-3215, ¶ 10 (9th Dist.).

{¶31} Second, the *Copeland* case cited by the majority is distinguishable, as the trial court in that case provided some analysis to facilitate appellate review. Accordingly, the

statement therein that Civ.R. 52 renders unnecessary any analysis by the trial court in rendering summary judgment was merely dicta.

{¶32} Instead, I would sustain Jascar's first assignment of error on the authority of *Mourton v. Finn*, 9th Dist. Summit No. 26100, 2012-Ohio-3341. Jascar argues that this Court must reverse and remand the matter as to its claims of intentional interference with contract and interference with prospective economic advantage because the trial court failed to provide any reasoning for its award of summary judgment to Body by Jake on those claims. This Court has held that, when the complexity of the case warrants it, the trial court's failure to set forth its reasoning behind an award of summary judgment requires reversal and remand to allow the trial court to resolve the issues in the first instance. *Mourton* at ¶ 8-9. I would conclude that the issues and Civ.R. 56 evidentiary materials in this case are sufficiently complex to require remand to the trial court to set out its reasoning as to the two above referenced claims, particularly as the trial court expressly asserted its intent to address all pending claims. This Court can only guess as to why the trial court failed to set forth its reasoning behind granting summary judgment on the two interference claims. Nevertheless, the circumstances of this case require a recitation of that reasoning to allow this Court to effectively review the merits of the appeal. Accordingly, I would sustain the first assignment of error.

{¶33} I would further sustain Jascar's remaining four assignments of error. I agree with the majority's conclusion in regard to the third and fourth assignments of error that the trial court improperly limited its consideration of the evidentiary materials, failing to consider certain evidence properly before it. "If the trial court does not consider all the evidence before it, an appellate court does not sit as a reviewing court, but, in effect, becomes a trial court." *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360 (1992). By failing to review all properly submitted

evidentiary materials, the trial court effectively turns this Court into the trial court on appeal. *Mourton* at ¶ 9. I agree that the trial court must resolve the issues regarding Jascar's defamation and deceptive trade practices claims in the first instance so that this Court may act as a reviewing court rather than a trial court. Accordingly, I concur in the majority's resolution sustaining the third and fourth assignments of error.

{¶34} I respectfully dissent from the majority's opinion overruling the second assignment of error. Upon review of the trial court's judgment entry, I would conclude that the trial court improperly weighed the evidence when granting summary judgment in favor of Body by Jake on Jascar's defamation claim, based on the court's finding that Jascar provided insufficient evidence. *Stewart*, 2008-Ohio-3215, at ¶ 10. Accordingly, I would sustain the second assignment of error. Moreover, because the negligence claim is dependent on the resolution of the defamation claim, I would remand as to that claim as well.

{¶35} I further dissent from majority's opinion overruling the fifth assignment of error. The majority analyzes the matter solely with regard to 15 U.S.C. 1125(a)(1)(A), while I believe that the trial court's judgment considered the matter pursuant to 15 U.S.C. 1125(a)(1)(B). Moreover, I would conclude that the trial court misconstrued the facts or engaged in improper weighing of the facts and credibility when considering the motion for summary judgment on Jascar's Lanham Act claim. The trial court found that certain statements in the VeRO complaint and other communications were only disseminated to eBay, not eBay consumers. There was evidence, however, that eBay retracted Jascar's posts and cancelled sales, resulting in consumers demanding refunds. Accordingly, there was evidence that the VeRO complaint and other communications may have caused consumer confusion. Accordingly, I would sustain the fifth assignment of error.

{¶36} Based on the above discussion, I would reverse the trial court's judgment in its entirety and remand the matter to the trial court for further proceedings.

APPEARANCES:

ERIC S. CRUSIUS, DOV M. SZEGO, and MITCHELL A. BASHUR, Attorneys at Law, for Appellant.

RICHARD M. GARNER, Attorney at Law, for Appellee.

DAVID G. UTLEY, Attorney at Law, for Appellee.